℅JS 44   (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
VICKY RODRIGUEZ TORRES, LUIS RAFAEL MALDONADO VAILLANT, AND THEIR CONYUGAL PARTNERSHIP

### DEFENDANTS
GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO, GUILLERMO CAMBA CASAS

**(b)** County of Residence of First Listed Plaintiff   PUERTO RICO
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   PUERTO RICO
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
WILLIAM E. MELENDEZ & MIGUEL A. CUADROS; Cuadros & Cuadros; 701 PONCE DE LEON AVENUE # 215, SAN JUAN, PR 00907; (787)725-2652

Attorneys (If Known)
N/A

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS |  | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
|  | **PERSONAL INJURY** | **PERSONAL INJURY** |  |  |  |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 315 Airplane Product Liability |  | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act |  | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander |  | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |  | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability |  | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract |  |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment |  | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | **Habeas Corpus:** |  |  | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  | ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
|  |  | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer. w/Disabilities - Other | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 440 Other Civil Rights |  |  |  |  |

## V. ORIGIN   (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. § 623; 42 U.S.C. § 1983; 42 U.S.C. §1988; 42 U.S.C. § 2000e-3.
Brief description of cause:
RETALIATION; CONSTITUTIONAL TORTS

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $  1,400,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE   JAIME PIERAS, JR.
DOCKET NUMBER   09-CV-01151

DATE   11/25/2009
SIGNATURE OF ATTORNEY OF RECORD
S/ WILLIAM E. MELENDEZ

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

## CATEGORY SHEET

**You must accompany your complaint with this Category Sheet, the Current Address Notice, and the Civil Cover Sheet (JS-44).**

---

Attorney Name (Last, First, MI): CUADROS, MIGUEL, A.

USDC-PR Bar Number: 114814

Email Address: MACUADROS@CUAD-LAW.COM

---

1. Title (caption) of the Case (provide only the names of the <u>first</u> party on <u>each</u> side):

   Plaintiff: VICKY RODRIGUEZ TORRES

   Defendant: GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO

2. Indicate the category to which this case belongs:

   ☒ Ordinary Civil Case
   ☐ Social Security
   ☐ Banking
   ☒ Injunction

3. Indicate the title and number of related cases (if any).

   VICKY RODRÍGUEZ TORRES, et al. v. Government Development Bank P.R., et al.
   09-CV-01151

4. Has a prior action between the same parties and based on the same claim ever been filed before this Court?

   ☐ Yes
   ☒ No

5. Is this case required to be heard and determined by a district court of three judges pursuant to 28 U.S.C. § 2284?

   ☐ Yes
   ☒ No

6. Does this case question the constitutionality of a state statute? (See, Fed.R.Civ. P. 24)

   ☐ Yes
   ☒ No

Date Submitted: 11/25/09

rev. Jul. 09

[Print Form]  [Reset Form]

# UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

## CATEGORY SHEET

**You must accompany your complaint with this Category Sheet, the Current Address Notice, and the Civil Cover Sheet (JS-44).**

Attorney Name (Last, First, MI):   MELENDEZ, WILLIAM, E

USDC-PR Bar Number:   226902

Email Address:   WE.MELENDEZ@E-LEX.US

1. Title (caption) of the Case (provide only the names of the <u>first</u> party on <u>each</u> side):

    Plaintiff:   VICKY RODRIGUEZ TORRES

    Defendant:   GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO

2. Indicate the category to which this case belongs:

    ☒ Ordinary Civil Case
    ☐ Social Security
    ☐ Banking
    ☒ Injunction

3. Indicate the title and number of related cases (if any).

    VICKY RODRÍGUEZ TORRES, et al. v. Government Development Bank P.R., et al.
    09-CV-01151

4. Has a prior action between the same parties and based on the same claim ever been filed before this Court?

    ☐ Yes
    ☒ No

5. Is this case required to be heard and determined by a district court of three judges pursuant to 28 U.S.C. § 2284?

    ☐ Yes
    ☒ No

6. Does this case question the constitutionality of a state statute? (See, Fed.R.Civ. P. 24)

    ☐ Yes
    ☒ No

Date Submitted:   11/25/09

rev. Jul. 09

[ Print Form ]   [ Reset Form ]

# United States District Court
## District of Puerto Rico

**CURRENT ADDRESS NOTICE**

You must accompany your complaint with this Current Address Notice, the Civil Cover Sheet (JS-44), and Category Sheet.  Keeping the Court informed as to any changes in your address (office, mailing and email) and telephone and facsimile numbers is an ongoing responsibility.

## CHANGE OF ADDRESS FORM

(Please print legibly or type. Fill all fields in the form. Enter "N/A" if not applicable)

Check this box if this represents a change

**Name of Attorney:** CUADROS, MIGUEL, A.
(last name, first name, middle initial)

**USDC-PR BAR NO.** 114,814

**Email Address:** MACUADROS@CUAD-LAW.COM

**Office Address:** 701 PONCE DE LEON AVENUE # 215
**Office Address 2:**
**City, State, Zip:** SAN JUAN, PR 00907

**Phone Number:** (787) 725 - 2652
**Fax Number:** N/A
**Cellular Number:** N/A

**Mailing Address:** 701 PONCE DE LEON AVENUE # 215
**Mailing Address 2:**
**City, State, Zip:** SAN JUAN, PR 00907

**Date:** November 25, 2009   **Signature:** S/ MIGUEL A. CUADROS

(Rev. 7/16/09)

Print Form    Reset Form

# United States District Court
## District of Puerto Rico

**CURRENT ADDRESS NOTICE**

You must accompany your complaint with this Current Address Notice, the Civil Cover Sheet (JS-44), and Category Sheet. Keeping the Court informed as to any changes in your address (office, mailing and email) and telephone and facsimile numbers is an ongoing responsibility.

## CHANGE OF ADDRESS FORM

(Please print legibly or type. Fill all fields in the form. Enter "N/A" if not applicable)

Check this box if this represents a change

**Name of Attorney:** MELENDEZ, WILLIAM, E
(last name, first name, middle initial)

**USDC-PR BAR NO.** 226,902

**Email Address:** WE.MELENDEZ@E-LEX.US

**Office Address:** 410 PARK AVENUE 15TH FLOOR # 1223
**Office Address 2:**
**City, State, Zip:** NEW YORK, NY 10022

**Phone Number:** (718) 725 - 7387
**Fax Number:** N/A
**Cellular Number:** N/A

**Mailing Address:** 410 PARK AVENUE 15TH FLOOR # 1223
**Mailing Address 2:**
**City, State, Zip:** NEW YORK, NY 10022

**Date:** November 25, 2009    **Signature:** S/ WILLIAM E. MELENDEZ

(Rev. 7/16/09)

[Print Form]   [Reset Form]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| VICKY RODRÍGUEZ TORRES, et al.<br>Plaintiffs<br>v.<br>Government Development Bank P.R.,<br>Guillermo Camba Casas<br>Defendants | CIVIL No. 09-_____<br><br>RETALIATION, TORTS<br>TRIAL BY JURY |

**COMPLAINT**

### I.    INTRODUCTION

1. This is an action for retaliation and related violations of the constitutional rights of Vicky Rodríguez. The claims, filed on behalf of Mrs. Vicky Rodríguez, her husband and their conjugal partnership, arise from the acts and omissions of defendants, when all throughout the time period starting on August 25th 2009, and until the present day, they retaliated against plaintiff Rodríguez in retribution for her filing of an employment discrimination suit against GDB, and further subjected her to privacy violations while she was on medical leave. The retaliation pattern against Plaintiff continued uninterruptedly until November 10th 2009, when it concluded in her termination from employment. Co-defendant GDB further collaborated, failed in its duty to prevent, and was deliberately indifferent to Plaintiffs' rights, and caused the damages alleged, due to their failure to adequately supervise, discipline and monitor co-defendant Camba, whose actions and omissions were taken in deliberate indifference to Plaintiffs' rights and proximately caused their injuries. Plaintiffs' claims of damages are based on the violation of rights guaranteed under the Constitution and laws of the United States and Puerto Rico.

2. Co-defendants' actions in retaliating against plaintiff Rodríguez in retribution for seeking protection of her Constitutional and statutory rights deprived her of her due process rights for a full and fair determination concerning her working conditions.

## II.     JURISDICTION

3. This action is brought pursuant to **29 U.S.C. § 623**, Subsection **(d)**, of the Age Discrimination in Employment Act (**ADEA**).

4. This action is brought pursuant to **42 U.S.C. § 1983**, as it pertains to deprivation of rights under color of state law.

5. This action is brought pursuant to **42 U.S.C. § 2000e-3**, Subsection **(a)**, Title VII of the Civil Rights Act .

6. This action is brought pursuant to **42 U.S.C. §1988**, Civil Rights Attorney's Fee Act.

7. Jurisdiction is founded upon **28 U.S.C. §§ 1331**, **1337**, **1343** and **29 U.S.C. § 626**, and the aforementioned statutory provisions. Plaintiffs further invokes the supplemental jurisdiction of the Court pursuant to **28 U.S.C. § 1367** to hear and decide claims arising under the laws of Puerto Rico and any related claims which are deemed to be within respect to the pendent parties.

8. This is the proper venue to bring this action, since the cause of action arose in Puerto Rico and all parties reside in this jurisdiction.

## III.     PARTIES

9. Plaintiff Vicky Rodriguez is a citizen of Puerto Rico and former employee of Commonwealth of Puerto Rico Governmental Development Bank ["**GDB**"].

10. Plaintiff, Luis Rafael Maldonado Vaillant, is the spouse of plaintiff Vicky Rodriguez.

11. Co-defendant GDB is a Puerto Rico public corporation created under **7 L.P.R.A. §551**, et seq.

12. Co-defendant Guillermo Camba is and was at all times relevant to this complaint an officer and employee of GDB.

13. The aforementioned co-defendants directly caused the injuries and violation to Plaintiffs' civil rights by their actions, and by their omissions in failing to prevent others from injuring Plaintiffs.

14. Co-defendant GBD failed in its duty and obligation as an employer to prevent, disavow and dissuade all retaliation actions to their employee's rights by not implementing and enforcing the necessary or convenient measures for this purpose.

15. Co-defendant Guillermo Camba is and was at all times relevant to this complaint Human Resources Director for co-defendant GDB.

16. Plaintiff Rodríguez had on different occasions verbally and in writing informed her concerns and treatment to GDB through Co-defendant Guillermo Camba.

17. Co-defendant GDB's failure to take any other steps to rectify or even investigate Plaintiffs' claim, and refusal to follow adequate procedures for disciplinary actions, effectively ratified, sanctioned, and condoned the retaliatory conduct, and served to conceal it from proper further redress by Plaintiffs.

18. The above-described actions and omissions were taken on behalf of co-defendant GDB and constitute retaliatory treatment against Plaintiff.

19. Retaliatory acts of co-defendants and their refusal to follow departmental standards and procedures for disciplinary actions were taken on behalf of the GDB, and were actions under the color of the statutes, regulations, customs, and usages of the Commonwealth of Puerto Rico.

20. On information and belief, GDB Directors, Officers, Officials and Management were aware of the retaliatory conduct by co-defendants against Plaintiff.

21. Despite this knowledge, GDB Directors, Officers, Officials and Management failed to take any steps to rectify the situation, and instead permitted Plaintiff's work conditions and environment to progressively deteriorate.

22. The failure of GDB Directors, Officers, Officials and Management to take remedial action indicates that the retaliatory animus that pervades in GDB is endorsed by its highest levels of authority.

23. At all times relevant to this complaint, co-defendant Camba was acting under color of the law of the Commonwealth of Puerto Rico.

24. Co-defendant Guillermo Camba is also sued in his personal capacity.

### IV.    FACTUAL ALLEGATIONS

25. Plaintiff Rodríguez was employed by co-defendant GDB starting on or around 1996, until November 10th 2009.

26. On November 18, 2008, Plaintiff timely submitted a charge of discrimination against the co-defendant GDB with the Equal Employment Opportunity Commission ("**EEOC**") on the basis of gender, age and both gender and age.

27. On January 20, 2009, Plaintiff received a "notice of right to sue within 90 days" from the EEOC.

28. On February 13th, 2009, plaintiff filed her complaint against co-defendant GDB, and various individual co-defendants. _Rodriguez-Torres, et al vs. Government Development Bank for Puerto Rico, et al_, 09-CV-01151 (JP).

29. On or around July 15th 2009, in good faith and full compliance with **Fed.R.Civ.P. 26**, Plaintiff submitted in the above case the required initial disclosures, as well as answers and documents pertaining to the interrogatories and requests for documents served on her by co-defendant GDB.

4

30. The discovery items produced above had some relationship with communications, documents and the work performed by Plaintiff within the confines of co-defendant GDB.

31. On August 24th, 2009, Plaintiff received an e-mail from Karol Hernández Cabal requesting Plaintiff's availability to meet that afternoon with co-defendant Guillermo Camba, Director of Human Resources and Labor Relations.

32. On August 25th, 2009, Plaintiff met with co-defendant Camba. Also present at the meeting was Mr. Camba' secretary and assistant, Lynette Lugo.

33. At the above meeting Camba informed plaintiff Rodríguez that GDB had decided to initiate an administrative process against Rodríguez for various serious charges for different violations, including a referral to Governmental Ethics.

34. Also at the above meeting co-defendant GDB served on plaintiff a "charge document", alleging that in complying with **Fed.R.Civ.P. 26**, several serious violations to GDB's Conduct and Ethics Policy had been committed. Specifically, the charges asserted both orally and in writing that the disclosed documents contained "privileged and confidential" information belonging to GDB, its clients and other third parties.

35. In the above "charge document", plaintiff was summoned to appear at a disciplinary hearing on August 31st 2009 before the Director of Human Resources.

36. Upon receipt of the above "charge document", Plaintiff's metal health was so adversely injured, that she had to seek psychiatric attention.

37. Subsequently Plaintiff was prescribed immediate rest from work, and hospitalized as an outpatient at a psychiatric treatment center.

38. On September 3rd 2009, Plaintiff timely submitted a charge of retaliation against the co-defendants with the Equal Employment Opportunity Commission ("**EEOC**").

39. On November 24th 2009, Plaintiff received a "notice of right to sue within 90 days" from the EEOC.

40. All throughout her medical leave absence from work, starting on August 26th 2009, and until November 10th 2009, when Plaintiff was finally terminated from her employment with GDB, co-defendants continued the pervasive and harassing retaliatory behavior against her by intrusively, constantly and continuously interrupting her medical treatment and medically prescribed solitude by contacting her at home during the weekends and at the late-evening hours, compelling her and summoning her to report back to work to face the aforementioned pretextual administrative charges leveled against her. The intensity of the harassing conduct by GDB escalated and worsened once the second EEOC charge had been filed.

41. Plaintiff's medical paid leave expired on November 3rd 2009, and on that very same date she was sent home on a paid-leave suspension from work. From that date, until November 10th 2009 the harassing treatment perpetrated by co-defendants on Plaintiff escalated to include retaliatory behavior designed to increase her psychological apprehension about losing her livelihood, by mockingly scheduling and rescheduling the date at which the pending pretextual disciplinary hearing was to be held.

42. Co-defendants' retaliatory conduct has been extremely detrimental to Plaintiff's emotional and physical health necessitating urgent medical treatment and consequent medical expenses.

43. All practices against Plaintiff, by named co-defendants constitute a violation of United States Federal and Puerto Rico anti-retaliatory Law.

44. All injuries suffered by Plaintiff are as a direct and proximate result of the grossly negligent and culpable actions and omissions of co-defendants, which were taken in reckless disregard of and in deliberate indifference to Plaintiff's constitutional rights.

## V.     FIRST CAUSE OF ACTION - RETALIATION

45. Plaintiffs repeat and reallege each and every preceding paragraph of this complaint.

46. **32 L.P.R.A. § 3120**, in regulating claims leveled by employees against their employers, expressly protects employees from being countersued or countercharged by their employers, in any way, or for any cause.

47. **29 L.P.R.A. § 194a**, prohibits retaliatory acts by an employer against an employee, should the employee offer or attempt to offer, verbally or in writing, any testimony, expression or information before a legislative, administrative or judicial forum in Puerto Rico. The employer is liable to compensate employee for benefits, attorney's fees for the real damages suffered, and for mental anguish, at double the amount determined as having caused the violation of the provisions of this section.

48. This court has supplemental jurisdiction pursuant to **28 U.S.C. §1367** to hear and adjudicate these claims – **32 L.P.R.A. § 3120** and **29 L.P.R.A. § 194a** - arising from the same nucleus of operative facts, and to hear and adjudicate any such claim this court may deem to be brought on behalf of a pendent party to this action.

49. Both Title VII, and ADEA – anti-discrimination legislation under which plaintiff brought the aforementioned case which is pending before the US District Court for Puerto Rico, *09-CV-01151 (JP)* - contain anti-retaliation provisions in **42 U.S.C. § 2000e-3(a)** and **29 U.S.C.A. § 623(d)**, respectively.

50. Plaintiffs were involved in a statutorily protected activity, in as much they had initiated a complaint process - *09-CV-01151 (JP)* - against co-defendant GDB, and were actively participating in it in such process in opposition to GDB's discriminatory actions.

51. Co-defendants took adverse employment action against Plaintiff, in the form of subjecting her behavior to heightened scrutiny after she engaged in the protected activity, subjecting her to disciplinary proceedings, and continuously harassing her while she was on medically ordered sick-leave.

52. Co-defendants were aware of Plaintiff's protected activity before undertaking the above adverse employment actions.

53. Co-defendants attempted to sanitize the above retaliatory adverse employment actions by producing purported evidence of a legitimate, nondiscriminatory reason for the aforementioned disciplinary proceedings, but such evidence amounts only to a pretext designed to hide the unlawful retaliatory motive and behavior.

54. Co-defendants afforded different treatment to similarly situated employees who incurred in the same acts leading to the disciplinary charges leveled against Plaintiff, but who did not, or have not yet, engaged in protected activities, as has Plaintiff.

55. Plaintiffs protected activity of initiating the above legal proceeding against co-defendant GDB was the direct cause which motivated both co-defendants to engage in the adverse employment action against Plaintiff.

56. Co-defendants' acts constitute significant retaliatory treatment that is reasonably likely to deter Plaintiffs and other GDB employees from initiating, or participating indirectly in protected activities, such as appearing as witnesses on behalf of Plaintiffs in the aforementioned litigation, and thus have had and currently have a chilling effect upon the willingness of individuals to speak out against co-defendant GDB's employment

discrimination, or to participate in other administrative or judicial employment discrimination proceedings.

57. The above practices were undertaken by co-defendants with malice and reckless indifference to the federally and locally protected rights of all Plaintiffs.

58. The above adverse employment actions materially affect the terms, conditions, or privileges of Plaintiff's employment.

## VI. SECOND CAUSE OF ACTION – DUE PROCESS

59. Plaintiffs repeat and reallege each and every preceding paragraph of this complaint.

60. Plaintiffs further allege that the above unlawful actions by co-defendants also violate the protections contained in the United States Constitution, in as much it mandates under its **V$^{th}$** and **XIV$^{th}$** Amendments that persons being deprived of liberty or property interests by governmental action must receive both, procedural and substantive due process.

## VII. THIRD CAUSE OF ACTION – PRIVACY RIGHTS

61. Plaintiffs repeat and reallege each and every preceding paragraph of this complaint.

62. Plaintiffs further allege that the above unlawful actions by co-defendants also violate the protections contained in the United States Constitution, as they constitute violations of privacy rights, and unlawful intrusion upon seclusion.

63. The actions and omissions described herein constitute a privacy claim based on the violation of her right to privacy and dignity, a tort in violation of the provisions of **Article II §§1**, **8** and **16** of the Constitution of the Commonwealth of Puerto Rico. This court has supplemental jurisdiction pursuant to **28 U.S.C. §1367** to hear and adjudicate these claims arising from the same nucleus of operative facts, and to hear and adjudicate any such claim this court may deem to be brought on behalf of a pendent party to this action.

## VIII. FOURTH CAUSE OF ACTION – TORTS

64. Plaintiffs repeat and reallege each and every preceding paragraph of this complaint.

65. The pervasive retaliatory actions, violations to Plaintiff's rights to due process, privacy and dignity have disrupted Plaintiffs' health, peace of mind, family life, and lifestyle.

66. The actions and omission described herein constitute a tort under the Constitution and laws of the Commonwealth of Puerto Rico, for which co-defendants respond to Plaintiffs in compensatory damages, pursuant to **Article 1802** and **1803** of the **Civil Code of Puerto Rico.** This court has supplemental jurisdiction pursuant to **28 U.S.C. §1367** to hear and adjudicate these claims arising from the same nucleus of operative facts, and to hear and adjudicate any such claim this court may deem to be brought on behalf of a pendent party to this action.

### IX.  FIFTH CAUSE OF ACTION – INSURERS

67. Plaintiffs repeat and reallege each and every preceding paragraph of this complaint.

68. The insurers identified with the fictitious name ABC Insurance issued policies which cover the damages alleged herein.

69. These insurers respond directly to Plaintiffs pursuant to the Direct Action Statute of the Commonwealth of Puerto Rico.

### X.  JURY DEMAND

70. Plaintiffs demand trial by jury.

### XI.  PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment against co-defendants and pray:

71. That this Court issue an injunction to order such affirmative relief as is appropriate, including, but not limited to, restitution of Plaintiff to her position in GDB, and enjoining co-defendants and their unnamed agents from further retaliating against Plaintiff.

72. That this Court enter a permanent injunction against GDB, its supervisors, employees, and agents, ordering them to cease and desist from engaging in the retaliatory practices described above.

73. Temporary or preliminary injunctive relief is appropriate to stop co-defendants' continuing retaliatory actions, due to the substantial likelihood that such challenged actions will be found to constitute unlawful retaliation, and the likelihood that Plaintiffs will suffer irreparable harm because of them, due to the loss of current employment, and a diminished outlook for future prospects of employment, and the consequential suffering, emotional distress, depression, a contracted social life, as well as other related harms.

74. Temporary or preliminary injunctive relief is also appropriate due to the likelihood of irreparable harm caused to Plaintiffs in their original charge of discrimination, in the form of discouragement to other GDB employees from providing testimony, or from filing additional charges based on the same or other alleged unlawful acts.

75. That this Court award Plaintiffs unpaid wages and other compensation to date, for the entirety of the time period during which Plaintiff was on medically ordered sick-leave, an during which time she was forced to deplete all vacation and sick-leave accrued under her employer provided fringe benefits.

76. That this Court award Plaintiffs appropriate back-pay and front-pay.

77. That this Court award Plaintiffs damages in the form of punitive damages pursuant to applicable laws and regulations – including, but not limited to ADEA and Title VII - and compensatory damages In the amount of $600,000.00 for medical expenses and physical pain and suffering, and $800,000.00 for psychological pain and anguishes.

78. That this Court award Plaintiffs reasonable attorney's fees and the other costs of this action under **42 U.S.C. § 1988**, Civil Rights Attorney's Fee Act.

79. That this Court award Plaintiffs other damages, including, but not limited to, costs, and other disbursements associated to this litigation.

80. That this Court award Plaintiffs such other and further relief as may be just and equitable.

**Submitted** in New York, New York, this 25th day of November, 2009.

| | |
|---|---|
| **S/William E. Meléndez Menéndez**<br>**William E. Meléndez Menéndez**<br>USDC PR No. 226902<br><br>**CUADROS & CUADROS**<br>Attorney for Plaintiffs<br>415 Park Avenue 15th Floor, Suite # 1233<br>New York, New York 10022<br>Tel. (718) 725-7387<br>We.Melendez@e-Lex.us | **S/Miguel A. Cuadros Pesquera**<br>**Miguel A. Cuadros Pesquera**<br>USDC PR No. 114814<br><br>**CUADROS & CUADROS**<br>Attorney for Plaintiffs<br>701 Ponce de León Avenue Suite # 215<br>San Juan, Puerto Rico 00907<br>Tel. (787) 725-2652; (787) 722-5347<br>macuadros@cuad-law.com |