IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| VICKY RODRÍGUEZ TORRES, et al.<br><br>Plaintiffs<br><br>v.<br><br>GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO, et al.<br><br>Defendants | CIVIL No. 09-2199 (FAB)<br><br>EMPLOYMENT RETALIATION CLAIM<br>29 U.S.C. § 621<br><br>PLAINTIFF DEMANDS A TRIAL BY JURY |

**MOTION FOR SUMMARY JUDGMENT**

**TO THE HONORABLE COURT:**

**COME NOW** defendants the Government Development Bank (hereinafter "GDB" or "the Bank") and Guillermo Camba ("Camba"), through the undersigned counsel and pursuant to Rule 56 of the Federal Rules of Civil Procedure very respectfully moves for summary judgment in the present case as follows:

1.     On November 25, 2009, Vicky Rodríguez (hereinafter "Rodríguez" or "Plaintiff") filed the present complaint for alleged due process violations and retaliation in violation of Title VII and the Age Discrimination in Employment Act ("ADEA"). Plaintiff seeks damages in the amount of $600,000.00 for medical expenses and physical pain, as well as $800,000.00 for psychological pain and anguish, an undetermined sum for back pay, punitive damages, and attorney's fees.

2.     As was advanced to the Court on May 22, 2010, Defendants have recently become aware that Plaintiff filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on December 19, 2009. This petition was filed on Rodríguez' behalf by attorney William E. Meléndez, an attorney of record in the instant case. This case appears docketed in the Puerto Bankruptcy Court

as In re Vicky Rodríguez Torres, Case No. 09-10864-BKT7. Notwithstanding the fact that the Chapter 7 case was filed less than a month after filing the instant action, no disclosure of the existence of the present case was made in the standard forms or schedule of assets a debtor must submit to the Bankruptcy Court.  Consequently, on May 26, 2010, Rodríguez received a "no assett"complete discharge of her debts.

3.     "The basic principle of bankruptcy is to obtain a discharge from one's creditors in return for all one's assets, except those exempt, as a result of which creditors release their own claims and the bankrupt can start fresh." Payless Wholesale Dist., Inc. v. Alberto Culver (P.R.), Inc., 989 F.2d 570, 571 (1st Cir. 1993).  The doctrine of judicial estoppel applies in the bankruptcy context to prevent a debtor who was aware, or should have been aware, of the existence of a pre-petition claim, yet failed to disclose it in the bankruptcy schedule of assets, from pursuing the undisclosed claim.   See id.; Graupner v. Town of Brookfield , 450 F.Supp.2d 119, 126 -27 (D. Mass., 2006).  The doctrine bars "self-serving self-contradiction, or 'playing fast and loose with the courts.'" Patriot Cinemas, Inc. v. General Cinemas Corp., 834 F.2d 208, 213 (1st Cir.1987).

4.     Defendants herein move for the summary dismissal of the present Complaint on grounds of judicial estoppel.  The factors which typically inform the decision whether to apply this doctrine are all present in the instant case.  Namely, (1) whether the party's later position is inconsistent with its earlier position; (2) whether the party has succeeded in persuading the Court to accept its earlier position; and (3) whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.  See New Hampshire v. Maine, 532 U.S. 742, 750-51 (2001).  See also  Moses v. Howard University

Hosp., ___ F.3d ___, No. 08-7087, 2010 WL 2160833 at *8 (D.C. Cir., Jan. 7, 2010); In re Superior Crewboats, 374 F.3d 330, 335 (5th Cir. 2004).

5.      As is further discussed in the accompanying memorandum of law, the uncontested material facts show that, in failing to disclose the present lawsuit to the Bankruptcy Court, Plaintiff, in effect, represented to that court that the present claim did not exist. Her prosecution of the instant case is, therefore, inconsistent with her representations to the Bankruptcy Court—representations which resulted in a "no-asset" discharge which, in turn, allowed her to "get rid of creditors on the cheap and start over with a bundle of rights." Payless, 989 F.2d at 571. Such deliberate changing of positions constitutes an affront to the integrity of the judicial process and an attempt to "play fast and loose with the Courts" which should not be tolerated. Patriot Cinemas, Inc., v. General Cinema Corp., 834 F.2d 208, 212 (1st Cir. 1987). See also New Hampshire, 532 U.S. at 749-50. Defendant's accordingly request that the present case be summarily dismissed on grounds of judicial estoppel.

6.      Defendants further submit the good faith exception does not apply in the instant case. Rodríguez had both knowledge of this lawsuit and motive to conceal it. As it appears from the uncontested facts, this was not the only claim she concealed from the Bankrtupcty Court.

7.      As discussed in Defendants' Memorandum of Law in Support of Summary Judgment, the uncontested material facts establish there is no genuine issue of fact regarding Plaintiff's concealment and the Court should enter summary judgment dismissing the present Complaint in its entirety on grounds of judicial estoppel.

**WHEREFORE**, the GDB respectfully requests that this Honorable Court dismiss the instant case in its entirety, pursuant to Rule 56 of the Federal Rules of Civil Procedure, inasmuch as there

is no issue as to any material fact and summary judgment should be entered in defendant's favor as a matter of law.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 2nd day of July, 2010.

**WE HEREBY CERTIFY** that on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to all parties. Parties may access this filing through the Court's system.

**SCHUSTER AGUILÓ LLP**
Attorneys for Defendant
PO Box 363128
San Juan, Puerto Rico 00936-3128
Tel: (787) 765-4646; Fax: (787) 765-4611

**s/Mariela Rexach-Rexach**
**Mariela Rexach-Rexach**
USDC PR No. 214110
mrexach@salawpr.com

**s/Erika Berríos Berríos**
**Erika Berríos-Berríos**
USDC PR No. 227312
eberrios@salawpr.com