## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

|  |  |
|---|---|
| VICKY RODRÍGUEZ TORRES, et al. | CIVIL No. 09-2199 (FAB) |
| Plaintiffs | EMPLOYMENT RETALIATION CLAIM 29 U.S.C. § 621 |
| v. | PLAINTIFF DEMANDS A TRIAL BY JURY |
| GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO, et al. |  |
| Defendants |  |

## STATEMENT OF UNCONTESTED MATERIAL FACTS
## IN SUPPORT OF SUMMARY JUDGMENT

TO THE HONORABLE COURT:

**COME NOW** defendants, the Government Development Bank ("GDB" or "the Bank") and Guillermo Camba ("Camba") through their undersigned counsel and, pursuant to Rule 56 of the Federal Rules of Civil Procedure and Rule 56(b) of the Local Rules of the Court, files the following statement of uncontested facts in support of their motion for summary judgment:

1.      On December 19, 2009, Vicky Rodríguez ("Rodríguez"), filed a voluntary petition for protection under Chapter 7 of the United States Bankruptcy Code before the Puerto Rico Bankruptcy Court.  Rodríguez' counsel in said bankruptcy proceeding is William E. Meléndez, who is also plaintiff's counsel of record in the instant action. See Exh. 1, In re Vicky Rodríguez Torres, PR Bankruptcy Case No. 09-10864-BKT7 (hereinafter "Chapter 7 case"), Dkt. # 1.[1]

2.      On January 9 and 11, 2010, Plaintiff filed her Statement of Financial Affairs ("SOFA") and the required schedules of assets (Schedules A-H) before the Bankruptcy Court. See id. at Dkt # 13-26.

---

[1] We request that, pursuant to Rule 201 of the Federal Rules of Evidence, the Court take judicial notice of these proceedings.  For ease of reference, we include herewith copy of the pertinent Bankruptcy Court docket entries as Exhibit 1.

3.      Therein, Plaintiff listed her claim in the case <u>Vicky González, et al v. Government Development Bank, et al.</u>, 0911-1151 (JP) (hereinafter "<u>Rodríguez I</u>") at item 4 of her SOFA and in Schedule B-Personal Property in the category of "contingent and unliquidated claims of every nature. . ." and in Schedule C-Property Claimed as Exempt.[2] Rodríguez estimated the value of this claim $30,000.00, claiming it was exempt in full under 11 U.S.C. §522(d)(11)(E).[3]  <u>See id.</u> at Dkt. # 14-15.

4.      Notably, the Amended Complaint in <u>Rodríguez I</u> prays for monetary relief for damages, lost wages and attorneys fees in amounts exceeding $1,400,000.00. See <u>Rodríguez I</u>, Civil No. 09-1151(JP) at Dkt. # 95, ¶¶ 94-98.

5.      Rodríguez did not list the present lawsuit in her SOFA, which she signed under penalty of perjury on December 29, 2010 and subsequently filed on January 11, 2010 with the Bankruptcy Court.  <u>See</u> Exh.1, Chapter 7 case, Dkt. #23 at ¶ 4.

6.      This, notwithstanding the fact that the SOFA form requires the debtor to list at item 4 "all suits and administrative proceedings to which [she] is or was a party within one year immediately preceding the filing of the bankruptcy case."   <u>See id.</u>

7.      The present lawsuit was filed on November 25, 2010 and prays for monetary relief in excess of $1,400,000.00.  <u>See</u> Complaint, Dkt. #1.

8.      Rodríguez did not list the present case in any of the mandatory schedules she filed on January 9 and 11,  2010, either.  <u>See</u> Exh. 1, Chapter 7 case,  Dkt. #13-26.

9.      Similarly, Rodríguez did not include in her SOFA or in any of the mandatory schedules her claim as a co-plaintiff in a suit against Eurobank for emotional damages in connection to her

---

[2] Whether or not this claim is in fact exempt is an issue to be determined by the Bankruptcy Court.

[3] This section excepts from the bankruptcy estate property traceable to "a payment in compensation of loss of future earnings of the debtor or an individual of whom the debtor is or was a dependent, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor."  11 U.S.C. §522(d)(11)(E).

husband's termination from employment which is pending before Puerto Rico Court of First Instance, Superior Court of the Judicial Center of San Juan.  This suit has been pending since March 1, 2008.  See id. at Dkt. ## 13-26; Exh. 2,  Maldonado Vaillant, et al. v. Eurobank, P.R. Civil Case No. KPE2008-0872 (hereinafter "P.R. Court case");[4] Exh. 3, Pl.'s Depo. in Rodríguez I at 431-433.

10.     By the same token, Rodríguez did not list her administrative appeal of the termination decision, which she commenced on November 23, 2009 and is currently pending before an official examiner, (hereinafter "the administrative appeal") in her SOFA or in any the schedules filed in January, 2010.  Through this administrative appeal, Plaintiff is requesting reinstatement and back pay in connection to her termination from employment.  See Exh. 1, Chapter 7 case, Dkt. # 13-26; Exh. 4, Administrative Appeal.

11.     On February 15, 2010, plaintiff filed Amended Schedules A, B and F. See Exh.1, Chapter 7 case, at Dkt ## 32-35.

12.     Again, plaintiff did not list the case at bar, the P.R. Court case or her administrative appeal in any of these amended schedules.  See id.

13.     On February 23, 2010, the District Court summarily dismissed the Rodríguez I case, and entered judgment in favor of defendants.  See Rodríguez I, Civil No. 09-1441(JP), Dkt. ## 266, 267.[5]

14.     On April 4, 2010, the Court in the Rodríguez I case ordered Plaintiffs to pay on or before May 10, 210, $41,416.25 in sanctions to the GDB due to their frivolous and vexatious litigation conduct during the course of those proceedings.  This amount has yet to be paid by Plaintiffs.  See id. at Dkt. # 278.

---

[4] We request that the Court to take judicial notice of these proceedings pursuant to Rule 201 of the federal Rules of Evidence.

[5] Once again, we ask the Court to take judicial notice of this fact pursuant to Rule 201 of the Federal Rules of Evidence.

15.     On May 21, 2010, the Bankruptcy Court issued a Notice to Creditors that the trustee had filed a Report of No Distribution which was notified to the GDB trough first class mail on May 23, 2010.  <u>See</u> Exh. 1, Chapter 7 case, at Dkt. ## 41-42.

16.     On May 26, 2010, Judge Brian K. Tester discharged plaintiff from Chapter 7 pursuant section 727 of Title 11, under a presumption that there were "no assets to distribute." <u>See</u> <u>id.</u> at  ## 39, 41, 44.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 2nd day of July, 2010.

**WE HEREBY CERTIFY** that on this same date, we electronically filed the foregoing with the Clerk of the Court  using the CM/ECF system.  Notice of this filing will be sent to all parties. Parties may access this filing through the Court's system.

**SCHUSTER AGUILÓ LLP**
Attorneys for Defendant
PO Box 363128
San Juan, Puerto Rico 00936-3128
Tel: (787) 765-4646; Fax: (787) 765-4611

<u>**s/Mariela Rexach-Rexach**</u>
**Mariela Rexach-Rexach**
USDC PR No. 214110
mrexach@salawpr.com

<u>**s/Erika Berríos Berríos**</u>
**Erika Berríos-Berríos**
USDC PR No. 227312
eberrios@salawpr.com
