23 de noviembre de 2009

Sr. Carlos García
Presidente
P/C Sr. Guillermo Camba
Director de Recursos Humanos
Banco Gubernamental de Fomento para Puerto Rico

<u>POR MENSAJERO</u>

Re: Su carta 11/10/09

Estimado señor Camba:

Por este medio solicito el acceso al procedimiento apelativo ante la Junta de Directores del BGF según lo establece el Reglamento del Personal de Carrera del Banco Gubernamental de Fomento para Puerto Rico

A estos efectos, agradeceré se comunique con la suscribiente a mi correo electrónico o al teléfono que se indican al calce

Vicky Rodríguez
650 Sergio Cuevas
Apto 1911
San Juan, PR 00918
(787) 312-0928
vickyrodriguez@onelinkpr.net

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**BANCO GUBERNAMENTAL DE FOMENTO PARA PUERTO RICO**
**OFICINA DEL OFICIAL EXAMINADOR**
**SAN JUAN, PUERTO RICO**

| | |
|---|---|
| VICKY RODRIGUEZ TORRES | |
| Querellante | SOBRE: |
| v. | **QUERELLA** |
| BANCO GUBERNAMENTAL DE FOMENTO PARA PUERTO RICO | |

AL OFICIAL ADMINISTRADOR:

Comparece la querellante Vicky Rodriguez Torres por conducto del Lcdo. Miguel Ángel Cuadros Pesquera, quien suscribe en virtud de la Ley de Procedimiento Administrativo Núm. 170 del 12 de agosto de 1988, 3 L.P.R.A. § 2101, y a tenor con el Reglamento de Personal Núm. 4490 para los Empleados del Banco Gubernamental de Fomento, respetuosamente **EXPONE, ALEGA Y SOLICITA:**

1) Que mediante este alegato, la Sra. Vicky Rodríguez Torres presenta formalmente una querella en contra del Banco Gubernamental de Fomento (BGF).

2) Que la querellante, Sra. Vicky Rodríguez Torres ejerció como empleada del Banco Gubernamental de Fomento (BGF), y durante su empleo presentó una acción civil USDC No. 09-CV-01151-JP, en el Tribunal de Distrito Federal para Puerto Rico contra su patrono por discrimen de edad y sexo.

3) Que en o alrededor del 15 de julio de 2009, la querellante en buena fe y como parte del procedimiento legal, sometió su declaración, documentos, e

interrogatorios, según requeridos por su patrono para su descubrimiento de prueba.

4) Que debido a la relación empleado-patrono entre la querellante y BGF, y a la naturaleza de la acción incoada por la querellante en el caso antes referido, toda la evidencia producida para descubrimiento del patrono estaba relacionada con comunicaciones, escritos y documentos que manejaba la querellante, y producidos dentro de los predios o confines de BGF.

5) Que durante las deposiciones tomadas a la querellante el 12 y 19 de agosto de 2009, BGF sometió muchos de los documentos mencionados en el párrafo anterior para validación sobre la autoría, naturaleza y contenido de los mismos en relación a la querellante.

6) Que en represalia hacia la querellante, por haber incoado su causa de acción contra el patrono, y por haber hecho copias en la oficina de ciertos documentos, BGF emplazó a la querellante el 25 de agosto de 2009 con un pliego acusatorio, imputándole verbalmente y por escrito supuestas violaciones a la política institucional de conducta y ética.

7) Que el 31 de agosto de 2009 se le citó a la querellante a una vista disciplinaria. Específicamente la acusación aludía de forma genérica, que las copias y documentos manejados por la querellante eran "confidenciales y privilegiados", pero BGF no le justificó a querellante qué documentos en especifico eran de tal naturaleza, ni el porqué.

8) Que un breve análisis del documento con los cargos imputados a la querellante revela que la vista disciplinaria en su contra y prevista para el 31 de agosto del 2009 no era más que una farsa para aparentar un "esfuerzo de conferirle a la querellante su oportunidad de ser oída". Sin embargo, la

realidad es que se utilizaría este "esfuerzo" sólo para descargar la represalia en contra de la querellante.

9) Que el tono amenazante y rudo del pliego acusatorio que le fue entregado a la querellante demuestra que BGF llamó a la querellante a una vista informal meramente para poder legitimar su represalia y justificar un despido, utilizando así el procedimiento bajo una ficción de cumplir con el mandamiento de carácter Constitucional de una audiencia pre-terminación, según lo requiere la jurisprudencia en *Cleveland Board of Education v. Laudermill*, 470 U.S. 532 (1985).

10) Que como resultado de una audiencia improcedente, la Sra. Vicky Rodríguez sufrió un menoscabo a su derecho constitucional de Debido Procedimiento de Ley, toda vez que no se cumplieron con los requisitos establecidos en *Laudermill*, supra. Dígase: 1) No se le ofreció a la querellante una audiencia formal pre-terminación. 2) No se le proveyó a la querellante una notificación específica sobre los cargos en su contra. 3) No se le permitió a la querellante la oportunidad de refutar formalmente los cargos imputados. 4) No se le ofreció a la querellante información concreta, sino vaga, sobre las alegaciones, investigación, descubrimientos, y actos disciplinarios recomendados por su patrono. 5) Se le negó su derecho a ser asistida por abogado a la audiencia.

11) Que la querellante fue despedida sin justa causa y en forma de represalia.

12) Que el despido de la querellante fue discriminatorio.

### DERECHO APLICABLE:

13) La Ley de Procedimiento Administrativo Uniforme, Núm. 170 de 12 de agosto de 1988, 3 L.P.R.A. §2175, establece que la revisión judicial de

3

las decisiones administrativas comprende tres aspectos: (1) la concesión del remedio apropiado, (2) las determinaciones de hecho y (3) las conclusiones de derecho del organismo administrativo.

14) El 1 de mayo de 1991 la Junta de Directores del Banco Gubernamental de Fomento aprobó el Reglamento Núm. 4490, de Personal para los empleados en el servicio de carrera, el cual establece que el Presidente del Banco Gubernamental de Fomento es el funcionario responsable de su administración y fiel cumplimiento. Para cumplir con un Debido Procedimiento de Ley, la sección 9.4 del Reglamento establece la manera en que se atenderán los casos en los cuales surja la posibilidad de imponer medidas disciplinarias cuya sanción pueda resultar en la suspensión de empleo y sueldo o en la destitución de un empleado.

## EL DEBIDO PROCEDIMIENTO DE LEY DE LA QUERELLANTE

15) El Estado Libre Asociado de P.R. les ha reconocido a los empleados públicos un interés propietario sobre su continuo empleo a través del Debido Proceso de Ley que garantiza el Art II, Sec. 7 de la Constitución de Puerto Rico, al igual que la 5ta y la 14ta Enmiendas de la Constitución Federal, para la celebración de una vista informal previo al despido. Los intereses propietarios protegidos por la Constitución son reiterados por estatutos locales, y por la jurisprudencia. *Paul v. Davis*, 424 U.S. 693, 709 (1976). El reconocimiento de de este interés propietario ha sido extendido a empleados del Estado Libre Asociado de P.R. *Lupiáñez v. Secretario de Instrucción*, 105 D.P.R. 696, 700 (1977). En Puerto Rico se estableció el mínimo estándar del Debido Procedimiento de Ley que incluye el derecho a una audiencia pre-terminación, donde los empleados tienen el derecho a ser oídos y a confrontar las acusaciones imputadas contra ellos. *Marrero*

4

*Caratini v. Rodríguez Rodríguez*, 138 D.P.R. 215 (1995); *Torres Solano v. P.R. Telephone Co.*, 127 D.P.R. 499 (1990). *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 541 (1985), establece la respuesta a la pregunta de cuál exactamente es el alcance del Debido Procedimiento de Ley:

> "El punto es directo: la cláusula del Debido Procedimiento de Ley provee que ciertos derechos fundamentales como el derecho a la vida, libertad, y propiedad no pueden ser desprovistos excepto conforme a procedimientos constitucionalmente adecuados.... En fin, una vez que se determina que la cláusula del Debido Proceso de Ley aplica, la pregunta sigue siendo qué proceso es el debido...".

16) En el caso *Laudermill*, supra, la ley estatutaria del estado no definía los elementos precisos de lo que constituía un Debido Procedimiento de Ley, y por lo tanto el tribunal concibió una solución donde para que un procedimiento fuera constitucional, como mínimo debía incluir el derecho a una audiencia pre-terminación, para que los empleados tengan la oportunidad de ser oidos y confrontar los cargos que se le imputen. Este requisito constitucional fue reconocido en Puerto Rico en *Marrero Caratini v. Rodriguez Rodriguez*, 138 D.P.R. 215, 222 (1995), bajo la salvedad de que se reconocía en ausencia de un estatuto aplicable que proveyera derechos procesales más amplios.

17) La Ley de Procedimiento Administrativo, supra, establece en la Sec. 2151, que cuando una agencia de gobierno o su equivalente celebre una audiencia/procedimiento adjudicativo, los siguientes derechos procesales deben ser salvaguardados: (A) Derecho a notificación oportuna de los cargos

5

o querellas o reclamos en contra de una parte. (B) Derecho a presentar evidencia. (C) Derecho a una adjudicación imparcial. (D) Derecho a que la decisión sea basada en el expediente oficial, según se define en 3 L.P.R.A. § 2102 (c) como: "Todos los documentos que no hayan sido declarados como materia exenta de divulgación por una ley y otros materiales relacionados con un asunto específico que esté o haya estado ante la consideración de una agencia". 3 L.P.R.A. § 2159 establece que cuando una agencia de gobierno o su equivalente celebre una audiencia/procedimiento adjudicativo, se le notificará por escrito a todas las partes o a sus representantes autorizados e interventores la fecha, hora y lugar en que se celebrará la vista adjudicativa, debiéndose efectuar por correo o personalmente <u>con no menos de quince (15) días de anticipación a la fecha de la vista</u>. Además, esta sección provee el derecho a las partes a asistir a la vista adjudica con abogado. En adición, 3 L.P.R.A. § 2164 extiende los derechos procesales al requerir que cualquier orden o resolución final deberá incluir y exponer separadamente determinaciones de hecho y conclusiones de derecho que fundamenten la adjudicación.

18) <u>La Ley Núm. 100 de 30 de junio de 1959</u> establece:

"Todo patrono que despida, suspenda o discrimine contra un empleado suyo en relación a su sueldo, salario, jornal o compensación, términos, categorías, condiciones o privilegios de su trabajo, o que deje de emplear o rehúse emplear o reemplazar a una persona, o limite o clasifique sus empleados en cualquier forma que tienda a privar a una persona de oportunidades de empleo o que afecten su status como empleado, por razón de edad, según ésta se define más adelante, raza, color, sexo, origen social o nacional, condición social, ideas políticas o religiosas del empleado o solicitante de empleo: (a) incurrirá en responsabilidad civil". 29 L.P.R.A. § 146

19) <u>Constitución del ELA Art. II, Sec. 1</u>

"La dignidad del ser humano es inviolable. Todos los hombres son iguales ante la Ley. No podrá establecerse discrimen alguno por motivo de raza, color, sexo, nacimiento, origen o condición social, ni ideas políticas o religiosas".

20) <u>La Ley Núm. 69 de 6 de julio de 1985</u>, 29 L.P.R.A. § 1321

Conocida como Discrimen en el Empleo por Razón de Sexo, esta ley requiere el estricto cumplimiento de la igualdad de derecho de empleo, tanto del hombre como de la mujer, y prohíbe el discrimen por razón de género.

21) <u>Ley Núm. 149 de 18 de junio de 2004</u>, 33 L.P.R.A. sec.4637

Se incorporó como delito las discriminaciones ilegales, según el Articulo 191 del Código Penal del Estado Libre Asociado, el cual dispone que incurrirá en delito menos grave "toda persona que, sin razón legal, por causa de su ideología política, creencia religiosa, raza, color de piel, sexo, condición social u origen nacional o étnico" realice cualquiera de los actos que allí se enumeran.

22) <u>La Ley Núm. 212 de 3 de agosto de 1999</u>, 29 L.P.R.A. Sec. 1201

Ley para Garantizar la Igualdad de Oportunidades en el Empleo por Género.

23) <u>Titulo VII de la Ley Federal de Derechos Civiles de 1964</u>

Según la jurisprudencia, se aplica a Puerto Rico el estatuto Federal que prohíbe el discrimen por razón de género.

**PROHIBICION CONTRA REPRESALIAS**

24) EL titulo 32 L.P.R.A. § 3120 establece que ningún caso que se tramite al amparo de las § 3118 a § 3132 de este título podrá contrademandarse o reconvenirse al obrero o empleado querellante por concepto alguno. La Ley Núm. 115, 29 L.P.R.A. §194(a) establece que:

7

"[N]ingún patrono podrá despedir, amenazar, o discriminar contra un empleado con relación a los términos, condiciones, compensación, ubicación, beneficios o privilegios del empleo porque el empleado ofrezca o intente ofrecer, verbalmente o por escrito, cualquier testimonio, expresión o información ante un foro legislativo, administrativo o judicial en Puerto Rico, cuando dichas expresiones no sean de carácter difamatorio ni constituyan divulgación de información privilegiada establecida por ley".

25) En adición, la Ley Núm. 105 de 26 de junio de 1964 fue interpretada por el Tribunal Supremo de P.R. para ampliar ámbito de la prohibición contra las represalias laborales y extenderla a cualquier ley laboral o reglamento. La política pública vigente y reiterada tiene en una estimación alta la protección de los trabajadores en sus empleos. Esta protección se extiende a la comparecencia de trabajadores a distintos foros. *Dorante, et al. v. Wrangler of PR, et al,* 145 D.P.R. 408.

## CARGOS IMPUTADOS SON SIN FUNDAMENTO

26) 3 L.P.R.A. §2158 dispone que en los reglamentos de las agencias se garantizará a todo querellado el derecho a los mecanismos de descubrimiento de prueba para los casos en que el procedimiento de adjudicación sea promovido a iniciativa de la agencia. En el caso de autos BGF inició un proceso adjudicativo en contra de la querellante, cuya acción faculta a la querellante para utilizar los mecanismos de Descubrimiento de Prueba según las Reglas de Puerto Rico, 32 L.P.R.A. Ap.III R. 23.1. La querellante en este caso utilizó los documentos en mano no privilegiados, que según la ley dispone en cuanto al descubrimiento de prueba, le ayudarían a contrarrestar los cargos imputados. La Regla 23.1 de las de

8

Procedimiento Civil dispone que las partes podrán hacer descubrimiento de prueba sobre cualquier materia, no privilegiada, que sea pertinente al asunto en controversia...incluyendo la existencia, descripción, naturaleza, custodia, condición y localización de cualesquiera libros, información almacenada electrónicamente, documentos u otros objetos tangibles y la identidad y dirección de personas que conozcan hechos pertinentes. _E.L.A. v. Casta_, 2004 TSPR 81. El descubrimiento de prueba debe ser amplio y liberal. _Rivera v. Algarín_, 112 D.P.R. 830, 834 (1982). Como es sabido, la tendencia moderna en el ámbito del procedimiento civil es a facilitar el descubrimiento de prueba de forma tal que se coloque al juzgador en la mejor posición posible para resolver justamente. Ward v. Tribunal Superior, 101 D.P.R. 865, 867 (1974). Nuestra jurisprudencia sienta las bases para entender que las deposiciones son un mecanismo importante de descubrimiento de prueba del cual no se debe limitar al menos que se presenten circunstancias especiales que así lo ameriten. El Tribunal Supremo afirma esta posición diciendo: "En casos ordinarios, salvo circunstancias excepcionales y únicas, los tribunales no pueden prohibir el uso de mecanismos de prueba". _Machado Maldonado v. Barranco Colon_, 119 D.P.R. 563, 566 (1987).

27) La Regla 514 de las de Evidencia expresa de forma restrictiva lo que constituye "información oficial", para cuanto el privilegio está disponible, requiriendo <u>que la información sea adquirida en confidencia, y que no haya sido revelada al público hasta el momento en que se invoca el privilegio.</u> Del mismo modo, el Tribunal Supremo de Puerto Rico ha sido excepcionalmente renuente a reconocer derechos de privacidad a documentos pertenecientes a instituciones gubernamentales, y consecuentemente ha invalidado estatutos que le niegan acceso a los ciudadanos a información y documentos públicos. <u>Noriega v. Hernández</u>

9

Colón, 122 D.P.R. 650 (1988); Soto v. Secretario de Justicia, 112 D.P.R. 477, 485 (1982).

## CONCLUSION

Es evidente por los hechos de trasfondo que la audiencia disciplinaria prevista para el 31 de agosto de 2009, no fue una ordinaria para determinar si las alegaciones en contra de la querellante eran ciertas o no, ni para tratar de determinar un subsecuente remedio correctivo; más bien su naturaleza era para tomar represalia con una acción adjudicativa final y firme, violentando así el derecho fundamental de la querellante a un Debido Procedimiento de Ley. El despido de la querellante fue una sin causa, discriminatorio y en represalia a sus acciones jurídicas.

**POR TODO LO CUAL**, la querellante muy respetuosamente solicita como remedio su inmediata restitución y lucro cesante, interinamente, hasta que se disponga de su causa de acción incoada.

**RESPETUOSAMENTE SOMETIDA.**

**CERTIFICO**: Que en esta misma fecha he enviado por correo regular copia del presente escrito a la querellada, a través de su representación legal, Erika Berrios Berríos y Lourdes C. Hernández-Venegas, Schuster & Aguiló, P.O. Box 363128, San Juan, Puerto Rico. 00936-3128 y al Director de Recursos Humanos y Relaciones Laborales del Banco Gubernamental de Fomento para Puerto Rico, Sr. Guillermo Camba Casas, P.O. Box 42001, San Juan, P.R. 00940-2001.

En San Juan, Puerto Rico, hoy, 8 de febrero de 2010.

*[firma]*

Miguel Ángel Cuadros Pesquera
Colegiado Núm. 5,123
701 Avenida Ponce de León, Oficina 215
San Juan, Puerto Rico  00907
TEL. (787) 725-2652
macuadros@cuad-law.com