IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| VICKY RODRÍGUEZ TORRES, et al.<br>Plaintiffs<br>v.<br>Government Development Bank P.R. (GDB), Guillermo Camba Casas<br>Defendants | **CIVIL No. 09-02199-FAB**<br>RETALIATION, TORTS<br>TRIAL BY JURY |

## INFORMING FED. R. CIV. P. 17(A) MOTION TO SUBSTITUTE PARTY

Come now all Plaintiffs, through the undersigned counsel, and state as follows:

1. Plaintiff Vicky Rodríguez filed a petition in bankruptcy on December 19th, 2010, 09-bk-10864-7. Said petition was filed by Rodríguez on her own, excluding co-plaintiffs in the present case, her husband, Luis R. Maldonado-Vaillant, and the conjugal partnership Maldonado-Rodriguez. Rodríguez' bankruptcy petition schedules included the District Court cause of action which originated the present retaliation cause of action, 09-1151-JP, as a contingent asset.

2. Through no fault of Rodríguez, the present retaliation cause of action was not disclosed in the bankruptcy schedules, but has been rectified, as laid out in subsequent filings in

bankruptcy petition 09-bk-10864-7, **Doc.# 62** (See: **Exhibit 1**), and **Doc.# 63** (See: **Exhibit 2**).

3. As the present case was brought subsequent to the filing of the aforementioned bankruptcy petition, however, the undersigned, through and by his own mistake attributable only to him, and to no fault of Debtor, designated Debtor as the real party in interest, as opposed to the Trustee assigned to manage Debtor's estate, Wigberto Lugo-Mender.

4. Consequently, the undersigned hereby informs this Honorable Court that he is moving the Bankruptcy Court to compel Trustee Wigberto Lugo-Mender to appear as a real party in interest in the present case, or alternatively, to expressly abandon the present case as a contingent asset of the bankruptcy estate, such that Rodríguez can pursue the present cause of action in her own name.

5. The undersigned further submits to this Honorable Court that co-plaintiffs, the conjugal Partnership Maldonado-Rodriguez, and Luis R. Maldonado-Vaillant, did not join Rodríguez in the aforementioned bankruptcy petition, and therefore, their appearance in this case is unaffected by any of the above.

6. Therefore, this case can proceed uninterruptedly, regardless of the direction Trustee Wigberto Lugo-Mender decides to pursue, whether to appear in the present case, or to abandon this bankruptcy contingent asset.

**WHEREFORE** for all of the above, Plaintiffs pray that this Honorable Court:

**TAKE NOTICE** of all of the above.

**SUBMITTED IN NEW YORK, NEW YORK, AUGUST 2nd, 2010.**

S/William E. Meléndez
William E. Meléndez
USDC PR No. 226902

CUADROS & CUADROS
Attorney for Plaintiffs
410 Park Avenue 15th Floor, Suite # 1223
New York, New York 10022
Tel. (718) 725-7387
We.Melendez@e-Lex.us

### CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of interest.

**IN NEW YORK, NEW YORK, AUGUST 2nd, 2010.**

S/William E. Meléndez
William E. Meléndez
USDC PR No. 226902

CUADROS & CUADROS
Attorney for Plaintiffs
410 Park Avenue 15th Floor, Suite # 1223
New York, New York 10022
Tel. (718) 725-7387
We.Melendez@e-Lex.us