```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF PUERTO RICO
```

VICKY RODRIGUEZ-TORRES, *et al.*,

    **Plaintiffs**,

              **v.**             **CIVIL NO.** 09-2199 (FAB)

GOVERNMENT DEVELOPMENT BANK OF PUERTO RICO, *et al.*,

    **Defendants**.

**ORDER TO SHOW CAUSE**

An examination of the motion for summary judgment filed by defendants, (Docket No. 87), and the informative motion filed by plaintiffs, (Docket No. 97), reveals potentially sanctionable conduct on the part of plaintiffs' counsel[1] that mandates explanation.

---

[1] Although the conduct referred to by the Court appears most directly associated with Counsel William Melendez-Menendez, who is representing plaintiff Vicky Rodriguez in both the bankruptcy proceedings and this case, Federal Rule of Civil Procedure 11(c)(1) states that "[a]bsent exceptional circumstances, a law firm must be held jointly responsible for [a] violation committed by its partner, associate, or employee."  Given that the Court has no confirmation as to the nature of the association between Mr. Melendez and the other attorney representing plaintiffs in this case, Miguel A. Cuadros-Pesquera, both attorneys of record for plaintiffs should take notice of the possibility of sanctions and respond in a manner consistent with this order.

Civil No. 09-2199 (FAB)                                                        2

On July 2, 2010, defendants filed a motion for summary judgment asserting that plaintiff Vicky Rodriguez ("Rodriguez") failed to disclose the existence of this case in bankruptcy proceedings filed by her that culminated in a "no asset" discharge of Rodriguez's debts on May 26, 2010.  (Docket No. 87 at 1-2.) Defendants argue that this failure should result in the application of judicial estoppel to plaintiffs' claims in this case.  Id. at 2. Plaintiffs requested an extension of time until August 16, 2010, to respond to the motion for summary judgment, which the Court subsequently granted.  (Docket Nos. 91 & 92.)

On August 2, 2010, plaintiffs filed an informative motion confirming that Counsel William Melendez-Menendez ("Mr. Melendez"), who represents Rodriguez in the bankruptcy proceedings and in this case, did in fact fail to disclose this case as an asset to the United States Bankruptcy Court for the District of Puerto Rico ("Bankruptcy Court").  (Docket No. 97.)  Aside from claiming sole responsibility for the non-disclosure, Mr. Melendez provides very little in the way of explanation for his failure.  See id.  Should the defendants' motion for summary judgment prove to have merit, it is possible not only that this case could come to an end due to a misrepresentation before the Court and the Bankruptcy Court, but also that Mr. Melendez and his co-counsel, Miguel Cuadros-Pesquera

Civil No. 09-2199 (FAB)                                              3

("Mr. Cuadros"), have been extensively litigating claims without the knowledge or participation of the plaintiff who would actually have standing to bring them, i.e., the United States Trustee. See Brooks v. Brady, No. 93-1891, 1994 U.S. App. LEXIS 12425, at *9-10 (1st Cir. May 27, 1994) (noting that claims subject to disclosure in Chapter 7 bankruptcy proceedings become property of the bankruptcy estate, thus causing a bankruptcy debtor to lose standing to bring those claims).

The only attempt at explaining non-disclosure of this case to the Bankruptcy Court in plaintiffs' informative motion is a brief statement that "the present case was brought subsequent to the filing of the aforementioned bankruptcy petition." (See Docket No. 97.) (emphasis added) Counsel do not explain how that statement justifies the non-disclosure of this case to the Bankruptcy Court. That lack of explanation as to the relevance of the statement is fairly inconsequential, however, because a cursory review of the dockets in both this Court and the Bankruptcy Court reveals that it is false. (See Docket No. 1; In re Vicky Rodriguez, 09-bk-10864, Docket No. 1.) Plaintiffs filed this complaint on November 25, 2009, whereas Rodriguez filed her bankruptcy petition on December 19, 2009. See id.

Civil No. 09-2199 (FAB)                                                    4

Given the potential ramifications of the conduct described above, the attorneys of record for plaintiff are hereby **ORDERED** to show cause why sanctions, pursuant to Federal Rule of Civil Procedure 11(c)(3), 28 U.S.C. § 1927, or the Court's inherent power, potentially ranging to some assignment of attorney's fees and costs, should not be imposed for continuing the litigation of this case without disclosing its existence to the Bankruptcy Court. Mr. Melendez, who signed the informative motion filed with the Court, is further **ORDERED** to show cause why sanctions should not be imposed for stating that the complaint in this case was filed after Rodriguez's petition for bankruptcy in light of the ease with which information to the contrary can be obtained and the fact that his signature appears on both documents.  Plaintiffs' counsel are to respond to this order no later than **August 16, 2010**, in conjunction with a response to the defendants' motion for summary judgment.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, August 6, 2010.

                                          s/ Francisco A. Besosa
                                          FRANCISCO A. BESOSA
                                          UNITED STATES DISTRICT JUDGE