IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **VICKY RODRÍGUEZ TORRES, et al.**<br><br>Plaintiffs<br><br>v.<br><br>**GOVERNMENT DEVELOPMENT BANK P.R., GUILLERMO CAMBA CASAS**<br><br>Defendants | **CIVIL No.** 09-2199 (FAB)<br><br>RETALIATION , TORTS<br><br>PLAINTIFF DEMANDS A TRIAL BY JURY |

**MOTION FOR LEAVE TO AMEND ANSWER TO THE COMPLAINT AND TENDERING SAME**

TO THE HONORABLE COURT:

COME NOW, defendants the Government Development Bank of Puerto Rico ("GDB" or "the Bank"), and Guillermo Camba Casas ("Camba") through the undersigned counsel, without prejudice to the pending dispositive motion, and pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, respectfully state, allege and pray as follows:

1. Defendants filed their Answer to the Complaint on February 3rd, 2010.

2. Recently, and subsequent to the filing of the aforementioned Answer, the GDB's Board of Director approved a reorganization plan which resulted in the elimination of the Private Financing Department where plaintiff worked as an Account Executive and, ergo, the elimination of her position, amongst others. The implementation of this reorganization plan has a substantial effect upon the remedies available to plaintiff, specifically those regarding back pay, front pay, and reinstatement.

3. It is well established that "the calculation period for back pay terminates if the former employer establishes that the plaintiff's position would have been eliminated at some point during

the alleged entitlement period for business reasons or other unrelated factors." <u>Taylor v. Central Pa. Drug & Alcohol Servs. Corp.</u>, 890 F. Supp. 360, 371 (M.D. Pa. 1995).  Also, pursuant to the doctrine established in <u>Schrand v. Federal Pac. Elec. Co.</u>, 851 F. 2d. 152, 159 (6th Cir. 1988), since plaintiff's position was eliminated due to factors unrelated to defendant's alleged adverse employment action, front pay remedy does not apply. Similarly, reinstatement is no longer available for plaintiff because the position to which she requests reinstatement no longer exists.

4. To this end, defendants respectfully request leave to amend their Answer to the Complaint in order to include the same as the two affirmative defenses as follows:

> Y. In the event plaintiff prevails in her claims, she is not entitled to either reinstatement, or front pay, insofar as her position was eliminated as part of the reorganization approved by the GDB's Board of Directors in May 2010 and informed in July 2010.

> Z. In the event plaintiff prevails in her claims, the calculation of damages constitutive of back pay should be tolled insofar as, had she remained employed, her position would have nonetheless been eliminated pursuant to the Bank's reorganization, approved by the GDB's Board of Directors in May 2010 and informed in July 2010, and she would have been terminated from her employment.

WHEREFORE, defendant respectfully requests that the Court take notice of the above and grant them leave to amend their Answer to the Complaint to include the aforementioned affirmative defenses.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, on this 18th day of August, 2010.

**WE HEREBY CERTIFY** that on this date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. Parties may access this filing through the Court's system.

**SCHUSTER AGUILÓ LLP**
Attorneys for Defendant
P.O. Box 363128
San Juan, Puerto Rico 00936-3128
Telephone: (787) 765-4646
Telefax: (787) 765-4611


**s/Mariela Rexach-Rexach**
**Mariela Rexach-Rexach**
USDC PR No. 214110
mrexach@salawpr.com


**s/Lourdes C. Hernández Venegas**
**Lourdes C. Hernández Venegas**
USDC PR No. 215507
lhernandez@salawpr.com


**s/Erika Berríos Berríos**
**Erika Berríos Berríos**
USDC PR No. 227312
mrexach@salawpr.com
