IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **VICKY RODRÍGUEZ TORRES, et al.**<br><br>Plaintiffs<br><br>v.<br><br>**GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO, et al.**<br><br>Defendants | **CIVIL No.** 09-2199 (FAB)<br><br>EMPLOYMENT RETALIATION CLAIM<br>29 U.S.C. § 621<br><br>PLAINTIFF DEMANDS A TRIAL BY JURY |

**REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE COURT:

COME NOW, defendants the Government Development Bank of Puerto Rico (hereinafter "GDB") and Guillermo Camba ("Camba"), through the undersigned counsel and respectfully state, allege and pray:

**INTRODUCTION**

On July 2, 2010, defendants filed a "Motion for Summary Judgment" requesting dismissal of the present case in its entirety on grounds of judicial estoppel.[1] The uncontested material facts show that subsequent to the filing of the instant action plaintiff filed for Chapter 7 Bankruptcy yet failed to disclose the present lawsuit to the Bankrupcty Court. Such representations resulted in a "no asset" discharge. Accordingly, her prosecution of the instant case is inconsistent with her representations to the Bankruptcy Court. Such deliberate changing of positions constitutes and affront to the integrity of the judicial process and an attempt to "play fast and loose with the Court"

---

[1] Upon review of our Memorandum of Law in support of Summary Judgment, we noted the following mistake at page 4: Defendants argued that "unlike judicial estoppel, which focuses on the relationship between the parties to a prior litigation, judicial estoppel looks to the connection between the litigant and the judicial system." The statement should have read "unlike *collateral* estoppel . . . ." We, therefore, hereby request the Court take notice of this correction.

which should not be tolerated.  Patriot Cinemas, Inc. v. General Cinema Corp., 834 F.2d 208, 212 (1st Cir. 1987).

After requesting an extension of time to oppose Defendants' Motion, and attempting to "divest" the Court of jurisdiction through a nonsensical "Notice of Removal," on August 16, 2010, plaintiff finally filed her opposition to summary judgment.[2]  In response to Defendants' reference in their Statement of Uncontested Facts ("SUF") to plaintiff's Bankruptcy schedules as submitted to the Bankrupcty Court, plaintiff incongruously argues they are "uncertified, extrinsic judicial records" and, therefore, "inadmissible hearsay."  She further accommodatingly argues that the present cause of action was brought as an "offshoot of the original employment case . . . 09-1151 (JP)" and that, therefore, the original case, the only one disclosed to the Bankrupcty Court, was "representative of all judicial and administrative claims derived from it."  We respectfully submit to the Court that, in the end, plaintiff's arguments in opposition to the summary dismissal of her claims are unfounded and unconvincing.  As is further discussed below, and despite plaintiffs' protestations and further efforts to mislead the Court, there are no material controversies which preclude the summary disposition of plaintiffs' claims against Defendants as a matter of law on grounds of judicial estoppel.

---

[2] Defendants have repeatedly noted that the Complaint's caption does not specifically include Maldonado as a plaintiff as required by the Federal Rules of Civil Procedure.  Plaintiff paid no heed to this objection and the Court's deadline to file amendments to the complaint has lapsed without any change in the Complaint.  Therefore, defendants respectfully submit that Maldonado is not a party to the present case.  At any rate, should this court find that Maldonado is, indeed, a named plaintiff in this action, his rights, if any, are entirely contingent upon plaintiff's.  See Santini Rivera v. Serv. Air, 137 D.P.R. 1 (1994).  The issue is not whether actual discrimination occurred but, rather, whether the employee (i.e., Rodríguez) has a cause of action for discrimination.  See Berríos v. Bristol Myers Squibb, 51 F.Supp. 2d 61 (DPR 1999).  Therefore, should Rodríguez not prevail in her claim, be it on the merits or on grounds of judicial estoppel, her spouse cannot make a claim for discrimination that has not been proven and his claim should, similarly, be dismissed.  See Maldonado Rodríquez v. Banco Central Corporation, 138 D.P.R. 268 (1995).

## II. DISCUSSION

**A.   PLAINTIFFS' BURDEN**

It is axiomatic that a motion for summary judgment "cannot be defeated by conclusory allegations, harsh invective, empty rhetoric, strained inferences, or unsupported conjecture." Collier v. City of Chicopee, 158 F.3d 601, 604 (1st Cir. 1998). See also Fed. R. Civ. P. 56(e). Plaintiffs' subjective characterization of events is equally unavailing when the underlying events are not themselves revealed. See Simas v. First Citizens' Fed. Credit Union, 170 F.3d 37, 50 (1st Cir. 1999). To this effect, once the moving party has properly supported its motion, it is up to the non-movant party to demonstrate, through specific facts, that a trial-worthy issue remains. See Candle Co. v. Hayes, 116 F.3d 957, 959-60 (1st Cir. 1997); Borschow Hosp. & Med. Supplies, Inc. v. Cesar Castillo, Inc., 96 F.3d 10, 14 (1st Cir. 1996).

**B.   THE UNCONTESTED FACTS**

It is important to note at the outset that while plaintiff denies all but one of Defendants' SUF, she does so by objecting, as hearsay, to Defendant's reference to the Bankruptcy Court's docket. As we have mentioned in other motions filed with the Court, plaintiffs' counsel has a very peculiar understanding the Federal Rules of Civil Procedure. In support of their SUF, and as provided by Rule 201 of the Federal Rules of Evidence, Defendants asked the Court to take judicial notice of the Bankruptcy Court's docket, with reference to plaintiff's Chapter 7 proceeding and the particular docket number at issue. For ready reference, Defendants also included as exhibits to their motion, copies of the relevant docket entries. To this effect, Rule 201 of the Federal Rules of Evidence provides that "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of

accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Civ. Evid. 201 (b). In her opposition, plaintiff nowhere explains why the Puerto Rico Bankruptcy Court's docket does not meet this criteria or why taking judicial notice is not appropriate in this particular case. Indeed, courts have repeatedly recognized their authority to take judicial notice of cases pending in their own and other courts' dockets. See, e.g., Balch v. Ohio Dept. of Rehabilitation and Corrections 2:09-cv-00002, 2010 WL 1981001, at *3, n.1 (S.D. Ohio, May 18, 2010); Airframe Systems, Inc. v. Raytheon Co., 520 F.Supp.2d 258, 262 (D.Mass., 2007); Castro v. U.S., 584 F. Supp. 252, 263 (D.P.R., 1984). The fact that plaintiff's representations to the Bankrupcty Court compromise her and her attorneys, does not mean they are not a proper subject for judicial notice. Therefore, as provided by Local Rule 56(e), Defendants' SUF should be deemed admitted in its entirety.

**C.     PLAINTIFF'S ADDITIONAL FACTUAL REPRESENTATIONS**

Without complying with Local Rule 56(c) regarding including additional facts "in a separate section . . . set forth in separated numbered paragraphs," plaintiff mixes into her memorandum additional factual statements under the guise of "procedural background." For all her protestations regarding Defendant's citations to the record, plaintiff's evidentiary support for these factual averments is deficient, at best. For the most part, these statements are unsubstantiated interpretations of the Bankrupcty Court's record, while Exhibit 6 lacks foundation and evidence of authenticity.[3] Similarly improper and lacking in evidentiary support are her representations regarding what

---

[3] We find this particular exhibit surprising since it does not comply with the contrived evidentiary standards her at attorneys amply discussed in three separate motions to compel. While we certainly disagree with opposing counsel's understanding of the Federal Rules of Evidence, we can only wonder about the reasons behind their scorching motion practice on the issue of the authenticity and admissibility of electronic evidence, if they were not going to apply that very standards to themselves.

transpired at the 341 hearing and her conclusory statements regarding the Trustee's reasoning in connection to the administration of her Chapter 7 estate. Insofar as plaintiff's factual averments lack proper evidentiary support, they should be disregarded by the Court.

**D.     BAD FAITH**

Without attempting to explain her actions, or submitting any kind of verified statement, plaintiff argues there is no evidence of deliberate dishonesty in her failure to disclose the present lawsuit in her bankruptcy schedules. Nevertheless, "several circuits, in considering the particular issue of judicial estoppel and the omission of assets in a bankruptcy case, have concluded that deliberate or intentional manipulation can be inferred from the record." Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282, 1287 (11th Cir. 2002). See also Eastman v. Union Pacific R. Co., 493 F.3d 1151, 1157 (10th Cir., 2007). Courts addressing a debtor's failure to satisfy the legal duty of full disclosure to the bankruptcy court have deemed such failure inadvertent or mistaken "only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment." In re Coastal Plains, Inc., 179 F.3d at 210. Certainly, plaintiff cannot argue she was not aware of this lawsuit's existence—the timing and manner of prosecution establishes just the opposite. Presumably, plaintiff would have this Court believe that she has derived no benefit from her concealment. It is uncontested, however, that she received a "no asset" discharge on May 26, 2010 while, at the same time, she continued to prosecute the instant case on the sly for her own benefit. The fact that her deceit has since been revealed, does not change that at one point in time she was postured to "get rid of creditors on the cheap." Payless Wholesale Dist., Inc. v. Alberto Culver (P.R.), Inc., 989 F.2d 570, 571 (1st Cir. 1993). Indeed plaintiff was granted a no-asset discharge by the bankruptcy court, which suggests it accepted plaintiff's representatives (or lack

thereof) regarding the present claim's non-existence and/or lack of potential value. As noted by the Court in Graupner:

> While it may not be strictly necessary to the application of judicial estoppel, the [debtor's] inconsistent positions clearly afforded him an advantage: a disclosure in bankruptcy court would have presented the possibility that any payment by defendants (either in settlement or by judgment) would have been used to satisfy his debts. By not disclosing the asset, any such payment would be to his sole benefit.

Graupner, 450 F.Supp.2d at 127 (citing Patriot Cinemas, 834 F.2d at 212). See also Tokheim v. Georgia-Pacific Gypsum L.L.C., 606 F. Supp. 2d 988 (N.D. Iowa 2009). The fact is, not only did plaintiff not disclose this claim to the Bankruptcy Court, she admittedly also neglected to disclose it to *this* Court. We respectfully submit to the Court: actions speak louder than words.

As an after-the-fact rationalization, plaintiff now claims her disclosure of Rodríguez I was meant to be "representatative of all judicial actions and adminstrative claims derived from it" and that "[a]ll combined causes of action were *bundled* together and valued as a single contingent claim of $30,000.00." See Pl's Mem. at 1-2 (emphasis added). How convenient! Not only is this so-called "bundling" contrary to the plain language and spirit of the Bankrupcty Code's disclosure and schedule requirements, plaintiff certainly gave no indication to the Court or her creditors that this was going on. More importantly, the evidence establishes otherwise. How can plaintiff seriously argue she valued this "bundle" as a "single contingent claim of $30,000.00" based on a settlement offer made by the GDB before the facts giving rise to Rodríguez II had even occurred? That she may have done this under the advice of counsel, as suggested in plaintiff's memorandum, does not render the statement any more credible or reasonable.[4] The utter absurdity of plaintiff's "bundling"

---

[4] Neither does it save her from dismissal. As the Supreme Court stated in Link v. Wabash R.R. Co., 370 U.S. 626, 633-348 (1962), "[t]here is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as [her]

6

proposition becomes even more apparent when one considers that on August 2, 2010, after Defendants' filed the present motion for summary judgment (and the same day the Office of the U.S. Trustee filed a Complaint for Revocation of Discharge due to fraud), she amended her schedules to include the instant action and valued it at a whopping $4,300,000.00. See Pl's Exhibit 12. To follow plaintiff's reasoning: "bundled" together the claims were valued was $30,000.00, but separately listed they are now valued at $4,300,000.00. If anything, this alleged "bundling" reveals a clear intent to downplay the value of the claim in order to divert the Trustee's attention. The uncontested facts unquestionably establish that plaintiff was not moved to include this case by her own initiative and legal obligation to provide a truthful disclosure of her assets, but, rather, because she was caught red-handed.

"A debtor's failure to list a claim in the mandatory bankruptcy filings is tantamount to a representation that no such claim existed" In re Superior Crewboats, Inc., 374 F.3d 330, 335 (5th Cir.2004)). See also Graupner v. Town of Brookfield, 450 F.Supp.2d 119, 127 (D.Mass.,2006); GE HFS Holdings, Inc. v. National Union Fire Ins. Co. of Pittsburgh, 520 F.Supp.2d 213, 224 (D.Mass.,2007); Howell v. Town of Leyden, 335 F.Supp.2d 248, 251 (D.Mass.2004) (nondisclosure of potential claims in bankruptcy court deprived creditors of access to a substantial potential asset, satisfying prerequisites of judicial estoppel). In an effort to avoid dismissal Plaintiff attempts to transfer her disclosure responsibilities to the Chapter 7 Trustee by representing, without any

---

representative in the action, and [she] cannot now avoid the consequences of the acts or omissions of this freely selected agent." Id. at 633-34. "[I]f an attorney's conduct falls substantially below what is reasonable under the circumstances, the client's remedy is against the attorney in a suit for malpractice. But keeping this suit alive merely because plaintiff should not be penalized for the omissions of his own attorney would be visiting the sins of plaintiff's lawyer upon the defendant." Id. at 634 n. 10 (internal citations omitted). See also Barger v. City of Cartersville, Ga. 348 F.3d 1289, 1295 (11th Cir., 2003). "[B]ad legal advice does not relieve the client of the consequences of her own acts. A lawyer is the client's agent, and the client is bound by the consequences of advice that the client chooses to follow." Cannon-Stokes v. Potter, 453 F.3d 446, 449 (7th Cir. 2006).

evidentiary support, that she disclosed the case at the Rule 341 hearing. At any rate, and as noted by Defendants in their Memorandum of Law, Courts have repeatedly held this is not enough. Such oral disclosure "completely overlooks both the importance of the Bankruptcy Code's disclosure requirements and the fact that [debtors] signed the schedules under penalties of perjury." Jeffrey, 70 F.3d at 187. Moreover, we respectfully submit to the Court plaintiff's arguments in this respect fall flat when one considers that the Trustee's Report after the creditor's meeting provides that she was expressly advised to amend her schedules, specifically schedule B. See Pl's Exhibit 5 SUF. It is uncontested that while she filed amended schedules on February 15, she *again* failed to disclose this action. See Def's SUF at ¶11-12. Conclusively arguing to this Court that this does not establish a bad faith intent to conceal is like attempting to cover the sky with one hand. Such brazen contempt for the nature of these proceedings, a party's disclosure obligations and the responsibilities imposed by Rule 11 is simply outrageous and should not be tolerated.

Plaintiff further argues against the dismissal of this claim noting that her bankrupcty case is still open. She neglects to mention that it was re-opened after her lack of disclosures were revealed to the Bankrupcty Court by the GDB. She similarly ignores the fact that the Bankrupcty Court, in effect, relied on her representations that the present case did not exist when it entered a "no asset" discharge based on her schedules. Thus, one of the essential element of judicial estoppel, that she succeeded in persuading the Court of her position, has been met notwithstanding the fact that the case was subsequently reopened by the Bankrupcty Court, at the instance of the Trustee, *not* plaintiff.[5]

---

[5] Also notable, and contrary to what plaintiff would have this Court believe, is the fact that in withdrawing the report of no-distribution, the Trustee noted plaintiff's misrepresentations regarding the existence of contingent claims. See Chapter 7 case (09-10864 BKT), at Dkt. No. 57.

8

Notably, plaintiff herself has not moved to lift the discharge. To the contrary, she has requested conversion to a Title 11 bankruptcy in order to be named debtor in possession—and this after adversary proceedings for fraud were commenced against her. At any rate, Courts have repeatedly held that a debtor's subsequent effort to make amends for non-disclosure should not forestall the application of judicial estoppel. See Burnes, 291 F.3d at 1288; DeLeon v. Comcar Industries, Inc., 326 F.3d 1289, 1291-92 (11th Cir. 2003); Barger, 348 F.3d at 1297. Withholding judicial estoppel in such a situation would indicate that "a debtor should consider disclosing potential assets only if [she] is caught concealing them. This so-called remedy would only diminish the necessary incentive to provide the bankruptcy court with a truthful disclosure of the debtor[']s assets." Burnes 348 F.3d at 1288. See also EEOC v. Outback Steak House, No. 06-cv-01935-EWN-BNB, 2007 WL 2947326, at * 7 (D.Colo., Aug. 27, 2007); Belnavis v. Nicholson, 8:05-cv-778-T-23TGW, 2006 WL 3359684, at *11 (M.D.Fla., Nov. 20, 2006).

**E.     THE APPLICABLE CASE-LAW**

It is quite telling that plaintiff's memorandum in opposition does not address any of the First Circuit Court of Appeals case-law on judicial estoppel cited by Defendants in their motion—to wit, Payless Wholesale Dist., Inc. V. Alberto Culver (P.R), Inc., 989 F.2d 570, 571 (1st Cir. 1993), Patriot Cinemas, Inc.v, General Cinemas Corp., 834 F.2d 208, 213 (1st Cir. 1987). Instead, she cites to Jeffrey v, Desmond, 70 F.3d 183 (1st Cir. 1995) and Desjardins v. Van Buren Community Hosp., 37 F.3d 21, 23 (1st Cir. 1994), which present entirely different procedural postures. Jeffrey deals with the bankrupt's appeal of the Bankruptcy Court's decision granting their Chapter 7 Trustee's motion to approve a settlement of a previously undisclosed state claim.[6] See 70 F.3d at 184. Desjardins is

---

[6] It seems odd that plaintiff cites to this case, when, as the docket reveals, she has recently moved to convert her case from Chapter 7 to Chapter 11 in what is clearly an effort to forestall the Trustee's efforts to reach a compromise with the GDB. See Dkt. No. 108.

9

also distinguishable, inasmuch as the judicial estoppel issue does not relate to the Chapter 7 plaintiff's concealment of contingent claims. See 37 F.3d at 23. As Defendants noted in their memorandum of law, "every circuit that has addressed the issue has found that judicial estoppel is justified to bar a debtor from pursuing a cause of action in district court where that debtor deliberately fails to disclose the pending suit in a bankruptcy case." Moses v. Howard Univ. Hosp., 606 F.3d 780, 798 (D.C. Cir. 2010).

Finally, we note that judicial estoppel cannot be avoided by having a claim pursued by the bankruptcy trustee instead of by the debtor itself. It has long been recognized that a bankruptcy trustee succeeds to only such rights as the debtor possessed, and the trustee is subject to all defenses that could have been asserted against the debtor. See Bank of Marin v. England, 385 U.S. 81 (1966); Vartman v. First Nat'l Bank of Waterloo, 216 U.S. 134, 138 (1910). Accordingly, even if an undisclosed claim remains property of the estate subject to the claims of creditors, judicial estoppel not only bars recovery by a debtor acting on its own behalf, but also bars recovery by a trustee or any other party who succeeds to the rights of the debtor. See In re Fineberg, 202 B.R. 206, 227-28 (Bankr. E.D. Pa. 1996) (claims not disclosed by a debtor may be subject to judicial estoppel even when the claims are asserted by a bankruptcy trustee); Kunica v. St. Jean Financial, Inc., 233 B.R. 46, 57-59 (S.D.N.Y. 1999), aff'd, 63 F. Supp. 2d 342 (S.D.N.Y. 1999), aff'd 6 F.Supp.2d 342 (S.D.N.Y. 1999).

**WHEREFORE**, the GDB respectfully requests that this Honorable Court dismiss the instant case in its entirety, pursuant to Rule 56 of the Federal Rules of Civil Procedure, inasmuch as there is no issue as to any material fact and summary judgment should be entered in defendant's favor as a matter of law.

RESPECTFULLY SUBMITTED

In San Juan, Puerto Rico, this 23rd day of August, 2010.

WE HEREBY CERTIFY that on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to the parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

**SCHUSTER AGUILÓ LLP**
Attorneys for Defendants
PO Box 363128
San Juan, Puerto Rico 00936-3128
Telephone: (787) 765-4646
Telefax: (787) 765-4611


**s/Mariela Rexach-Rexach**
**Mariela Rexach-Rexach**
USDC PR No. 214110
mrexach@salawpr.com


**s/Erika Berríos Berríos**
**Erika Berríos Berríos**
USDC PR No. 227312
mrexach@salawpr.com
