IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **VICKY RODRÍGUEZ TORRES, et al.**<br><br>Plaintiffs<br><br>v.<br><br>**GOVERNMENT DEVELOPMENT BANK P.R., GUILLERMO CAMBA CASAS**<br><br>Defendants | **CIVIL No.** 09-2199 (FAB)<br><br>RETALIATION , TORTS<br><br>PLAINTIFF DEMANDS A TRIAL BY JURY |

**INFORMATIVE MOTION**

**TO THE HONORABLE COURT:**

COME NOW, defendants the Government Development Bank of Puerto Rico ("GDB"), and Guillermo Camba ("Camba"), through the undersigned counsel and inform the Court as follows:

1. On August 25, 2010, the appearing defendants filed an Urgent Motion for Protective Order and to Prevent Further Abuse of Process, where they advised the Court of the fact that on August 18, 2010 plaintiff had filed a third charge of discrimination purportedly related to her termination from employment on November 10, 2009, and was requesting yet another "right to sue" from said agency. See Dkt. No. 114. At the time, we anticipated this was all part of an effort to evade the consequences of this Court's decision on the pending dispositive and discovery motions.

2. As a follow up to this motion, we include plaintiff's motion filed last Friday, September 25, 2010, before the Bankruptcy Court in case 09-10864-BKT7, where Rodríguez, through her counsel, expressly represents to the Bankruptcy Court that the issue of her termination is not presently before this Court. See Exhibit 1 at ¶ 11. What was at first an inkling, has now been made obvious by plaintiff herself.

3. We reiterate our position that the issue of Rodríguez's November 10, 2010 termination from employment is part of the present Complaint and is clearly addressed in the Complaint's factual statements. Furthermore, plaintiff's prayer for relief requests reinstatement, back pay and frontpay, evidently as remedies for said termination. See Dkt. No. 1, ¶¶ 40-41, 71, 73, & 76. It is a matter of record that at the commencement of the litigation plaintiff requested preliminary injunctive relief in the form of an order of reinstatement to employment *pendente lite* which was denied by the Court.[1] See Dkt. No. 14. Moreover, while at the time of the filing of the Complaint plaintiff had not exhausted administrative remedies as to the termination decision, the fact is that Defendants expressly waived this defense in their Case Management Memorandum precisely to avoid unnecessary delays and additional litigation costs.[2] See Dkt. No. 32 at 4-5.

3. We respectfully submit to the Court this kind of procedural acrobatics and judge shopping should not be tolerated. While we recognize that the present Complaint is vague and mostly conclusory, there was never any doubt in our minds that the issue of plaintiff's termination was squarely raised. So much so that defendants expressly waived the exhaustion defense in their Case Management Memorandum! If plaintiff's termination from employment was not an issue raised in the Complaint, why would she request reinstatement, back pay and front pay? If it were not an issue, why would she request preliminary injunctive relief in the form of a reinstatement order? If it was not alleged, why would she so represent in her discovery motions? Now, after the filing of multiple discovery motions and a motion for summary judgment plaintiff continues to make

---

[1] More specifically, in her request for injunctive relief plaintiff specifically addresses the issue of her termination and alleging it was in violation of her due process rights. See Dkt. No. 14 at ¶¶ 4, 6, 7, 17, 20-21.

[2] See also Dkt. No. 54, Pl's Motion Seeking Relief for Failure to Disclose at ¶ 12 (recognizing the issue of termination as central to this case).

representations in the Bankruptcy Court which are at odds with her statements and actions in this case, all in an unabashed display of contumaciousness to the clear detriment of the GDB.

4. We want to make clear, that we vehemently disagree with what Plaintiff has represented to the Bankruptcy Court. We file the present motion, not only to appraise the Court of what is happening, but also to dispel any possible argument that defendants somehow tacitly accepted plaintiff's position.

WHEREFORE, Defendants respectfully request that this Honorable Court take notice of the above and reiterate our request that the Court take action to stop this kind of contumacious conduct and protect its jurisdiction and the GDB from further harassment and unnecessary costs.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 27th day of September, 2010.

**WE HEREBY CERTIFY** that on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. Parties may access this filing through the Court's system.

**SCHUSTER AGUILÓ, LLP**
Attorneys for Defendant
PO Box 363128
San Juan, Puerto Rico 00936-3128
Tel: (787) 765-4646; Fax: (787) 765-4611

**s/Mariela Rexach-Rexach**
**Mariela Rexach-Rexach**
USDC PR No. 214110
mrexach@salawpr.com
