IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

VICKY RODRIGUEZ-TORRES, *et al.*,

    **Plaintiffs,**

        **v.**                **CIVIL NO.** 09-2199 (FAB)

GOVERNMENT DEVELOPMENT BANK OF
PUERTO RICO, *et al.*,

    **Defendants.**

**OPINION & ORDER**

BESOSA, District Judge

    Before the Court is defendants' motion for summary judgment, (Docket No. 87). Having considered defendants' motion, plaintiffs' opposition, and defendants' reply, the Court **GRANTS** the motion for summary judgment (Docket No. 87).

**DISCUSSION**

**I.   Background**

    **A.   Procedural Background**

        On November 25, 2009, plaintiffs Vicky Rodriguez-Torres ("Rodriguez"), her spouse and their conjugal partnership filed a complaint alleging: (1) retaliation claims pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), and various Puerto Rico labor laws; (2) a due process claim pursuant to 42 U.S.C. § 1983; (3) a claim alleging a violation of privacy rights pursuant to the

Puerto Rico Constitution; and (4) tort claims pursuant to articles 1802 and 1803 of the Puerto Rico Civil Code. (Docket No. 1 at 13-16.) The complaint alleges these claims against the Government Development Bank for Puerto Rico ("GDB") and Guillermo Camba-Casas. (Docket No. 1.) The complaint alleges that defendants "retaliated against plaintiff Rodriguez in retribution for her filing of an employment discrimination suit against GDB" and engaged in a "retaliation pattern" which "continued uninterruptedly until November 10th 2009, when it concluded in her termination from employment." (Docket No. 1 at ¶ 1.)

On July 2, 2010, defendants filed a motion for summary judgment asserting that Rodriguez failed to disclose this case as an asset in bankruptcy proceedings that culminated in a "no asset" discharge of Rodriguez's debts on May 26, 2010. (Docket No. 87 at 1-2.) Defendants argue that this failure should result in the application of judicial estoppel to Rodriguez's claims in this case. Id. at 2. Plaintiffs requested an extension of time until August 16, 2010, to respond to the motion for summary judgment, which the Court subsequently granted. (Docket Nos. 91 & 92.)

On August 2, 2010, plaintiffs filed an informative motion confirming that it was Counsel William Melendez-Menendez ("Counsel Melendez"), who represents Rodriguez in the bankruptcy proceedings and in this case, who in fact failed to disclose this case as an asset to the United States Bankruptcy Court for the District of

Puerto Rico ("Bankruptcy Court").  (Docket No. 97.)  Aside from claiming sole responsibility for the non-disclosure, Counsel Melendez provided very little in the way of explanation for his failure.  See id.  The informative motion also stated that Rodriguez had filed a motion in the Bankruptcy Court to compel the Trustee assigned to Rodriguez's bankruptcy proceedings ("Trustee") to appear in this case as the "real party in interest."[1]  Id.  The only attempt at explaining non-disclosure of this case to the Bankruptcy Court in plaintiffs' informative motion is a brief statement that "the present case was brought subsequent to the filing of the aforementioned bankruptcy petition."  (See Docket No. 97.)  Aside from providing no justification for her non-disclosure, as later noted by the Court and confirmed by plaintiffs, that explanation proved to be false.  (See Docket Nos. 1, 87-3, 98, 106, & 107.)  Plaintiffs filed the complaint in

---

[1] For a short time, the Trustee did appear in this case as the real party in interest.  See Brooks v. Brady, No. 93-1891, 1994 U.S. App. LEXIS 12425, at *9-10 (1st Cir. May 27, 1994) (noting that claims subject to disclosure in Chapter 7 bankruptcy proceedings become property of the bankruptcy estate, thus causing a bankruptcy debtor to lose standing to bring those claims).  After requesting two extensions of time to consider settlement offers, the Trustee abandoned Rodriguez's claims, thus restoring her standing to pursue those claims.  (See Docket Nos. 104, 117, & 121.)  Now that Rodriguez is once again the real party in interest, "judicial estoppel [once again] comes to the fore" and the Court now considers whether Rodriguez's representations in the Bankruptcy Court preclude her from asserting claims in this case.  See Cannon-Stokes v. Potter, 453 F.3d 446, 448 (7th Cir. 2006).

this case on November 25, 2009, whereas Rodriguez filed her bankruptcy petition later, on December 19, 2009.  (<u>See</u> Docket Nos. 1 & 87-3.)

On August 16, 2010, plaintiffs filed an opposition to the motion for summary judgment, arguing that:  (1) Rodriguez verbally informed the Trustee of her claims in this case; (2) Rodriguez has amended her bankruptcy filings to include this case; (3) Rodriguez has not acted in bad faith sufficient to warrant the application of judicial estoppel; and (4) judicial estoppel would unjustly provide a windfall for defendants.  (Docket No. 103.)  On August 23, 2010, defendants filed a reply.  (Docket No. 113.)

**B.   Plaintiffs' Failure to Comply with Local Rule 56(c)**

Local Rule 56(c) requires a non-moving party to file with its opposition "a separate, short, and concise statement of material facts" which shall "admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts and unless a fact is admitted, shall support each denial or qualification by a record citation as required by this rule."  Local Rule 56(c) also requires that, if the non-moving party includes any additional facts, those facts must be in a separate section, set forth in separate numbered paragraphs, and be supported by a record citation.

The First Circuit Court of Appeals has "repeatedly . . . emphasized the importance of local rules similar to Local Rule 56

[of the District of Puerto Rico]."  <u>Caban Hernandez v. Phillip</u>

<u>Morris USA, Inc.</u>, 486 F.3d 1, 7 (1st Cir. 2007).  Rules such as

Local Rule 56 "are designed to function as a means of 'focusing a

district court's attention on what is – and what is not – genuinely

controverted.'"  <u>Id.</u> (quoting <u>Calvi v. Knox County</u>, 470 F.3d 422,

427 (1st Cir. 2006)).  Due to the importance of this function to

the summary judgment process, "litigants ignore [those rules] at

their peril."  <u>Id.</u>  Where a party does not act in compliance with

Local Rule 56, "a district court is free, in the exercise of its

sound discretion, to accept the moving party's facts as stated."

<u>Id.</u> (citing <u>Cosme-Rosado v. Serrano-Rodriguez</u>, 360 F.3d 42, 45 (1st

Cir. 2004)).

        Plaintiffs have failed to respond properly to defendants'

statement of uncontested facts and to provide a separate statement

for any additional facts.  (<u>See</u> Docket No. 103-1.)  Plaintiffs'

response to nearly every assertion contained in defendants'

statement of uncontested fact appears as follows:

> Defendants' statement of material fact . . . is objected
> to on the following grounds: Objection that it makes
> references to uncertified, extrinsic judicial records,
> which are not of adjudicative facts of which this court
> can take judicial notice, and therefore constitute
> inadmissible hearsay.  Objection that the purported fact
> does not comply with **Fed. R. Civ. P. 56(c)(2)**, in that it
> does not rely on the pleadings, the discovery and
> disclosure materials on file, or on any affidavits.
> Objected to further on the grounds that the purported
> fact does not comply with L. R. Civ. P. 56(e), in that it
> is not followed by a citation to a specific page or

paragraph of identified record material supporting the assertion.

(See Docket No. 103-1) (emphasis in original).[2]

All of the arguments contained in that paragraph are meritless. First, "'[i]t is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand.'" Mayer v. Hyde, 272 F.3d 83, 86 (1st Cir. 2001) (quoting Kowalski v. Gagne, 914 F.2d 299, 305 (1st Cir. 1990)). Any hearsay concerns regarding Bankruptcy Court docket entries are inapposite under the present circumstances because those docket entries are relevant to the pending motion for summary judgment, not for the truth of any matter asserted in those docket entries, but rather only so far as they reveal plaintiffs' legally operative conduct in the Bankruptcy Court, i.e., whether disclosures were made.  See 21B Charles Alan Wright & Kenneth W. Graham, Jr., Federal Practice and Procedure § 5106.4 (2d ed. 2005); (Docket No. 87-3.)  Second, the cited portion of Federal Rule of Civil Procedure 56 does not address requirements for the submission of exhibits on summary judgment and plaintiffs provide

---

[2] On occasion, plaintiffs' vary their form objection to state that they "move to strike the purported facts as irrelevant."  The lack of relevancy referred to by plaintiffs is not apparent and plaintiffs develop their argument no further.  (See Docket No. 103-1 at ¶ 3-4, 10, 13-14.)  With no specific argument regarding the relevancy of those assertions contained in defendants' statement of uncontested fact, plaintiffs have failed to establish a proper basis for a challenge on those grounds.  See id.

no clear argument or explanation as to how that provision would
apply to defendants' statement of uncontested facts. Lastly,
although defendants did not technically use a page or paragraph
number, they did use docket numbers to identify adequately the
specific record material referenced by each citation for the
purposes of Local Rule 56(e). (See Docket 87-3.) Given that
plaintiffs' responses to defendants' statement of uncontested fact
present no opposing factual contentions or any legitimate, clearly
articulated objections to defendants' assertions of fact, those
assertions are hereby **DEEMED ADMITTED.**

        Despite attaching exhibits to their opposition to the
motion for summary judgment, plaintiffs have not submitted a
separate statement of additional facts in conjunction with those
exhibits. As noted above, Local Rule 56(c) clearly requires a
responding party to include any additional facts they wish to be
considered on summary judgment through a "separate section . . .
set forth in separate numbered paragraphs and supported by a record
citation as required by subsection (e) of this rule." Due to
plaintiffs' failure to introduce properly any additional facts
regarding their exhibits, the Court will not consider any of those
exhibits in the resolution of the pending motion for summary
judgment. Given plaintiffs' dual failure to contest properly
defendants' statement of uncontested fact or provide any additional
factual background, the assertions contained in defendants'

statement of uncontested fact will serve as the sole factual background for the purposes of resolving the pending motion for summary judgment.

**C.   Factual Background**

On December 19, 2009, Rodriguez filed a voluntary petition for protection under Chapter 7 of the United States Bankruptcy Code before the Bankruptcy Court. (Docket No. 87-1 at ¶ 1; Docket No. 87-3 at 1-3.)[3] On January 9, 2010, and January 11, 2010, Rodriguez filed a "Statement of Financial Affairs" ("SOFA") and the required schedules of assets ("bankruptcy schedules") with the Bankruptcy Court. (Docket No. 87-1 at ¶ 2; Docket No. 87-3 at 4-15.) In those bankruptcy schedules, Rodriguez listed her claim in the Rodriguez v. Government Development Bank, 09-1151 (JP) case ("Rodriguez I"), valued at $30,000. (Docket No. 87-1 at ¶ 3; Docket No. 87-3 at 7-8.) Rodriguez did not list her claims in this case in her SOFA, which she signed under penalty of perjury on December 29, 2010. (Docket No. 87-1 at ¶ 5; Docket No. 87-3 at 19-30.) Rodriguez also omitted her claims in this case from the bankruptcy schedules. (Docket No. 87-1 at ¶ 8; Docket No. 87-3 at 4-15.)

---

[3] Rodriguez's bankruptcy proceedings may be found in the Bankruptcy Court's docket as In re Vicky Rodriguez, No. 09-bk-10864.

On February 15, 2010, Rodriguez filed amended bankruptcy schedules, but still did not include her claims in this case as an asset. (Docket No. 87-1 at ¶¶ 11-12; Docket No. 87-3 at 31-39.) On May 21, 2010, the Bankruptcy Court issued a "Notice to Creditors" that the trustee assigned to the case had filed a "Report of No Distribution." (Docket No. 87-1 at 15; Docket No. 87-3 at 40.) On May 26, 2010, the Bankruptcy Court discharged Rodriguez's debts under a presumption that there were "no assets to distribute." (Docket No. 87-1 at ¶ 16; Docket No. 87-3 at 41.)

## II.  Legal Analysis

### A.  Summary Judgment Standard

The Court's discretion to grant summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure. The rule states, in pertinent part, that the court may grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c); see also Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 52 (1st Cir. 2000). The party moving for summary judgment bears the burden of showing the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Once a properly supported motion has been presented, the opposing party has the burden of demonstrating that a trial-worthy issue exists that would warrant the Court's denial of the motion for summary judgment.  For issues where the opposing party bears the ultimate burden of proof, that party cannot merely rely on the absence of competent evidence, but must affirmatively point to specific facts that demonstrate the existence of an authentic dispute.  See Suarez v. Pueblo Int'l., Inc., 229 F.3d 49, 53 (1st Cir. 2000).

In order for a factual controversy to prevent summary judgment, the contested facts must be "material" and the dispute must be "genuine."  Material means that a contested fact has the potential to change the outcome of the suit under governing law.  The issue is genuine when a reasonable jury could return a verdict for the non-moving party based on the evidence.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  It is well settled that "[t]he mere existence of a scintilla of evidence" is insufficient to defeat a properly supported motion for summary judgment.  Id. at 252.  It is therefore necessary that "a party opposing summary judgment must present definite, competent evidence to rebut the motion."  Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 581 (1st Cir. 1994).

In making this assessment, the Court "must view the entire record in the light most hospitable to the party opposing

summary judgment, indulging in all reasonable inferences in that party's favor." Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990).   The court may safely ignore, however, "conclusory allegations, improbable inferences, and unsupported speculation." Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990).

## B. Judicial Estoppel Based on Bankruptcy Proceedings

### 1.    Application of Judicial Estoppel

Defendants argue that Rodriguez should be judicially estopped from pursuing her claims in this case because she failed to disclose those claims prior to receiving a discharge of her debts in the Bankruptcy Court.  (Docket No. 87 at 2-3.)  Although "there is no mechanical test for determining" whether judicial estoppel is appropriate, the First Circuit Court of Appeals has identified at least two prerequisites for its application.  See Alt. Sys. Concepts, Inc. v. Synopsys, Inc., 374 F.3d 23, 33 (1st Cir. 2004).   "First, the estopping position and the estopped position must be directly inconsistent, that is, mutually exclusive." Id. (citing Faigin v. Kelly, 184 F.3d 67, 82 (1st Cir. 1999); United States v. Levasseur, 846 F.2d 786, 792 (1st Cir. 1988)).   "Second, the responsible party must have succeeded in persuading a court to accept its prior position."  Id. (citing Lydon v. Boston Sand & Gravel Co., 175 F.3d 6, 13 (1st Cir. 1999); Gens v. Resolution Trust Corp., 112 F.3d 569, 572-73 (1st Cir.

1997)).  "The presence of these elements creates the appearance
that either the first court has been misled or the second court
will be misled, thus rasing the specter of inconsistent
determinations and endangering the integrity of the judicial
process."  Id. (citing New Hampshire v. Maine, 532 U.S. 742, 750
(2001)).

"[J]udicial estoppel applies when a 'party has
adopted one position, secured a favorable decision, and then taken
a contradictory position in search of legal advantage'."  Id.  "The
doctrine's primary utility is to safeguard the integrity of the
courts by preventing parties from improperly manipulating the
machinery of the judicial system'."  Id. (citing New Hampshire, 532
U.S. at 750; Levasseur, 846 F.2d at 792).  "'By making [litigants]
choose one position irrevocably, the doctrine of judicial estoppel
raises the cost of lying."  Id. (quoting Chaveriat v. Williams Pipe
Line Co., 11 F.3d 1420, 1428 (7th Cir. 1993)).

The principle of judicial estoppel has been applied
in the context of claims which were not raised in parallel
bankruptcy proceedings.  See Payless Wholesale Distribs., Inc. v.
Alberto Culver (P.R.), Inc., 989 F.2d 570, 571 (1st Cir. 1993).
"The basic principle of bankruptcy is to obtain a discharge from
one's creditors in return for all of one's assets, except those
exempt, as a result of which creditors release their own claims and
the bankrupt can start fresh."  Id.  The First Circuit Court of

Appeals has held that nondisclosure of claims as assets in bankruptcy proceedings in order to litigate those claims independently constitutes "a palpable fraud that the court will not tolerate, even passively."  Id.  A bankruptcy debtor "having obtained judicial relief on the representation that no claims existed, can not . . . resurrect them and obtain relief on the opposite basis."  Id.

The circumstances of this case clearly militate in favor of the application of judicial estoppel to Rodriguez's claims.  See Alt. Sys. Concepts, Inc., 374 F.3d at 33; Payless Wholesale Distribs., Inc., 989 F.2d at 571.  The record indicates that both Rodriguez and Counsel Melendez filed several documents with the Bankruptcy Court, all of which were intended to list Rodriguez's assets and none of which included the claims in this case.  (See Docket No. 87-3.)  Several courts have held that such nondisclosure of a claim "is tantamount to a representation that no such claim existed."  See In re Superior Crewboats, Inc., 374 F.3d 330, 335 (5th Cir. 2004); Graupner v. Town of Brookfield, 450 F. Supp. 2d 119, 127 (D.Mass. 2006); Howell v. Town of Leyden, 335 F. Supp. 2d 248, 251 (D.Mass. 2004).  At the time of each filing, Rodriguez and Counsel Melendez were actively pursuing the claims in this case, which, according to the complaint, are valued at approximately $1,400,000.00.  (Docket No. 1 at 17.)  The Bankruptcy Court subsequently accepted these representations made under

penalty of perjury and granted Rodriguez a discharge of all her debts.  (See Docket No. 87-3 at 41.)

Despite the apparent satisfaction of each element necessary for judicial estoppel, plaintiffs make several arguments against the application of that doctrine.  (See Docket No. 103.) As described below, each argument is lacks an evidentiary basis, legal support, or both.  The Court finds that Rodriguez's representations in the Bankruptcy Court regarding her claims in this case preclude her from maintaining those claims here. Accordingly, Rodriguez's claims in this case are **DISMISSED WITH PREJUDICE.**

### 2.   Alleged Verbal Disclosure to Bankruptcy Trustee

Plaintiffs argue that the formal nondisclosure of Rodriguez's claims in this case to the Bankruptcy Court was unnecessary because she verbally disclosed those claims at a meeting with the Trustee.  (Docket No. 103 at 10-11.)  Plaintiffs have submitted no evidence to support this claim.  But even if they had submitted such evidence, it would not be sufficient to defeat the application of judicial estoppel in this case.  See Jeffrey v. Desmond, 70 F.3d 183, 187 (1st Cir. 1995) (citing Oneida Motor Freight, Inc. v. United Jersey Bank, 848 F.2d 414, 416 (3d Cir. 1988)); Barger v. City of Cartersville, 348 F.3d 1289, 1296 (11th Cir. 2003).  Taking the position that verbal disclosure to a

trustee is sufficient to apprise a Bankruptcy Court of a debtor's assets, "completely overlooks both the importance of the Bankruptcy Code's disclosure requirements and the fact that [Rodriguez and her attorney] signed the schedules under penalties of perjury."  See id.

### 3.    Subsequent Amendments

Plaintiffs also argue that Rodriguez's failure to disclose this case was cured by subsequent amendments to her bankruptcy schedules. (Docket No. 103 at 11-12.)  Although several courts have refused to apply judicial estoppel where the opposing party has amended his or her bankruptcy schedules to include undisclosed claims prior to obtaining a discharge of debt, see, e.g., Vidal v. Doral Bank Corp., 363 F. Supp. 2d 19, 22 (D.P.R. 2005), that is clearly not the situation here.  Rodriguez made no attempt to amend her bankruptcy schedules until after she had received a discharge of her debts, and only endeavored to do so when defendants filed a motion for summary judgment in this case based on judicial estoppel. (See Docket No. 87-3.)

Although plaintiffs repeatedly claim that "[t]he bankruptcy case remains very much open and active," a review of the bankruptcy docket confirms that the only reason for the active status plaintiff attributes to that case is objections from both defendants and the Trustee to the discharge of her debts based on Rodriguez's nondisclosure of assets, including her claims in this

case.  (See Docket Nos. 87-3, 103.)  There is no indication on the record that Rodriguez would ever have amended her bankruptcy filings to include this case if defendants had not filed a motion for summary judgment arguing for the application of judicial estoppel.  (See Docket 87-3.)  As other courts have noted, "'[a]llowing [a debtor] to back-up, re-open the bankruptcy case, and amend his bankruptcy filings, only after his omission has been challenged by an adversary, suggests that a debtor should consider disclosing potential assets only if he is caught concealing them.'" Barger v. City of Cartersville, 348 F.3d 1289, 1297 (11th Cir. 2003) (quoting Burnes v. Pernco Aeroplex, Inc., 291 F.3d 1282, 1288 (11th Cir. 2002)).

        Plaintiffs have submitted no evidence that Rodriguez intended at any time prior to the discharge of her debts to disclose her claims in this case to the Bankruptcy Court.  (See Docket No. 103.)  It was only after defendants raised the possibility of judicial estoppel in this case that she chose to amend her bankruptcy filings.  (See Docket No. 87-3.)  Permitting Rodriguez to escape the consequences of judicial estoppel because of those amendments would do nothing to protect the integrity of the courts and "would only diminish the necessary incentive to provide the bankruptcy court with a truthful disclosure of the debtor's assets."  See Barger, 348 F.3d at 1297.

### 4.   Good Faith

Plaintiffs argue that Rodriguez's failure to disclose her claims in this case to the Bankruptcy Court should not preclude litigation of those claims because there was no bad faith behind the nondisclosure described in the motion for summary judgment.  (Docket No. 103 at 7.)  "[I]n limited circumstances, courts have recognized a good faith exception to the operation of judicial estoppel." Alternative System Concepts, Inc. v. Synopsys, Inc., 374 F.3d 23, 35 (1st Cir. 2004) (citing Chaveriat v. Williams Pipe Line Co., 11 F.3d 1420, 1428 (7th Cir. 1993)).  In this case, however, plaintiffs have not elucidated any circumstance that would allow the Court to exercise that good faith exception.  Rodriguez cannot seriously argue that she or Counsel Melendez, who is also her attorney in the bankruptcy proceedings, were unaware of this case.  The complaint in this case was filed approximately one month prior to Rodriguez's voluntary bankruptcy petition pursuant to Chapter 7.  Both documents were filed by Counsel Melendez.  (See Docket No. 1; Docket No. 87-3 at 3.)  It further appears from the evidence submitted by defendants that Rodriguez and Counsel Melendez signed the bankruptcy disclosures under penalty of perjury.  (See Docket No. 87-3.)

Although plaintiffs repeatedly state that there was no benefit to be gained from the nondisclosure of this case in the bankruptcy proceedings, (Docket No. 103 at 11-14), they provide no

Civil No. 09-2199 (FAB)                                                    18

explanation for this statement in the face of the fairly obvious

benefit of such nondisclosure, which has resulted in the repeated

application of judicial estoppel in similar circumstances.   See

Payless Wholesale Distribs., Inc., 989 F.2d at 571; Graupner, 450

F. Supp. 2d at 127; (Docket No. 103.)  Had defendants not filed the

pending motion for summary judgment, Rodriguez would have been able

to litigate this case without ever giving her creditors notice of

its existence.   See Graupner, 450 F. Supp. 2d at 127.

          Even if there were a question as to the potential

benefit of Rodriguez's omissions in her bankruptcy court filings,

her actions nonetheless endanger the integrity of the courts in a

manner sufficient to merit judicial estoppel.   The First Circuit

Court of Appeals has held that:

> Judicial acceptance and partisan benefit normally are two
> sides of the same coin (after all, it is unlikely that a
> party will advance a particular position unless that
> position benefits its cause).  To the extent that there
> is a separation, however, it is the court's acceptance of
> the party's argument, not the benefit flowing from the
> acceptance, that primarily implicates judicial integrity.
> Thus, benefit is not a sine qua non to the applicability
> of judicial estoppel.

Alternative System Concepts, Inc., 374 F.3d at 33 (internal

citations omitted).   Regardless of whether Rodriguez stood to

benefit from omitting the claims in this case from her bankruptcy

filings, the Bankruptcy Court accepted the representations made in

her financial disclosures and would have had no reason to question

that acceptance absent defendants' actions.

### 5.   Unfair Benefit for Defendants

Plaintiffs' last argument against the application of judicial estoppel is that the application would result in an unfair benefit for defendants.  (Docket No. 103 at 13.)  Several courts have held, however, that "[t]he purpose of the doctrine of judicial estoppel is to prevent the abuse of judicial proceedings, even if the application of the doctrine results in a windfall for the opposing party." See, e.g., Howell, 335 F. Supp. 2d at 251 (citing Payless Wholesale Distribs., 989 F.2d at 571).  Given the necessity of protecting judicial integrity and the clear satisfaction of the requisite elements in this case, any potential benefit to defendants from the dismissal of Rodriguez's claims is, on its own, insufficient to prevent the application of judicial estoppel.

### C.   State Law Claims

Plaintiffs argue that even if Rodriguez is judicially estopped from bringing her claims in this case, the remaining plaintiffs, Rodriguez's spouse and their conjugal partnership, made no representations in the Bankruptcy Court and would not be estopped from pursuing their claims in this case.  (Docket No. 103 at 13-14.)  The only claims in the complaint that pertain properly to Rodriguez's spouse and their conjugal partnership, however, are Puerto Rico law tort claims pursuant to articles 1802 and 1803.  (See Docket No. 1.)  Because there are no independent factual allegations  regarding  Rodriguez's  spouse  or  the  conjugal

partnership, it is clear that their tort claims are entirely derivative of Rodriguez's claims of retaliation pursuant to federal and Puerto Rico employment discrimination statutes.  See Caban-Hernandez, 486 F.3d at 12-13; (Docket No. 1.)  The First Circuit Court of Appeals has held that the survival of similar derivative causes of action "is contingent upon the viability of the underlying employment discrimination claim." Id. (citing Marcano-Rivera v. Pueblo Int'l., Inc., 232 F.3d 245, 258 n. 7 (1st Cir. 2000); Baralt v. Nationwide Mut. Ins. Co., 183 F. Supp. 2d 486, 488 (D.P.R. 2002)).  Given that the underlying employment discrimination claims, i.e., Rodriguez's claims alleging retaliation, have been dismissed, the derivative article 1802 and 1803 claims alleged by Rodriguez's spouse and their conjugal partnership cannot succeed. See id.  Accordingly, those claims are also **DISMISSED WITH PREJUDICE.**

CONCLUSION

For the reasons described above, the motion for summary judgment, (Docket No. 87), is **GRANTED.**  The claims alleged in the complaint are **DISMISSED WITH PREJUDICE.**  Judgment shall be entered accordingly.

Given the dismissal of all claims in this case, all other pending motions, (Docket Nos. 41, 42, 53, 54, 55, 56, 77, 79, 96, 97, 106, 107, 110, & 114) are **MOOT.**

**IT IS SO ORDERED.**

San Juan, Puerto Rico, November 5, 2010.

                              <u>s/ Francisco A. Besosa</u>
                              FRANCISCO A. BESOSA
                              UNITED STATES DISTRICT JUDGE